1  Martin D. Gross [SBN 147426]
       email: Martin@lawgross.com
2  LAW OFFICES OF MARTIN D. GROSS
   2001 Wilshire Boulevard, Suite 205
3  Santa Monica, CA 90403
   Tel:   310-453-8320
4  Fax:   310-861-1359

5  Attorneys for Plaintiffs
   MARGARET KEIPER and DAIL KEIPER,
6  JR., Individually and as the Successors-in-
   Interest to DAIL KEIPER, SR., Deceased
7

*F I L E D*
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 04 2015

BY _____
VANESKA DIEDERICH, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN BERNARDINO – SAN BERNARDINO JUSTICE CENTER

10

11  MARGARET KEIPER and DAIL
    KEIPER, JR., Individually and as the
12  Successors-in-Interest to DAIL KEIPER,
    SR., Deceased,
13
              Plaintiffs,
14
       v.
15
    VICTOR VALLEY TRANSIT
16  AUTHORITY, a Governmental entity;
    DINORAH AGUILAR; TRANSDEV
17  SERVICES, INC., A Maryland
    Corporation; VEOLIA
18  TRANSPORTATION SERVICES, INC., A
    Corporation; STEVEN KILTY; FBN
19  TRANSPORTATION, LLC, a Wisconsin
    Limited Liability Company; MARDAN
20  TRANSPORTATION LLC, a Wisconsin
    Limited Liability Company; AMSTON
21  SUPPLY, INC., a Wisconsin Corporation;
    and DOES 1 through 100, inclusive,
22
              Defendants.
23

Case No.:   CIVDS1502899

COMPLAINT FOR DAMAGES FOR
WRONGFUL DEATH

1.  Negligence
2.  Negligence Per Se – Violation of
    California *Vehicle Code* § 22350
3.  Negligence Per Se – Violation of
    California *Vehicle Code* § 22504(a)

DEMAND FOR JURY TRIAL

24       COME NOW the Plaintiffs, MARGARET KEIPER and DAIL KEIPER, JR., Individually and

25  as the Successors-in-Interest to DAIL KEIPER, SR., Deceased, by and through their attorneys of

26  record, Law Offices of Martin D. Gross, and for causes of action against Defendants VICTOR

27  VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV

28  SERVICES, INC., a Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A

BY FAX

1  Martin D. Gross [SBN 147426]
       email: *Martin@lawgross.com*
2  **LAW OFFICES OF MARTIN D. GROSS**
   2001 Wilshire Boulevard, Suite 205
3  Santa Monica, CA 90403
   Tel:   310-453-8320
4  Fax:   310-861-1359

5  Attorneys for Plaintiffs
   **MARGARET KEIPER and DAIL KEIPER,**
6  **JR., Individually and as the Successors-in-**
   **Interest to DAIL KEIPER, SR., Deceased**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **COUNTY OF SAN BERNARDINO – SAN BERNARDINO JUSTICE CENTER**

10

11  **MARGARET KEIPER and DAIL**          **Case No.:**
    **KEIPER, JR., Individually and as the**
12  **Successors-in-Interest to DAIL KEIPER,**   **COMPLAINT FOR DAMAGES FOR**
    **SR., Deceased,**                    **WRONGFUL DEATH**

13                                        1.  Negligence
                **Plaintiffs,**           2.  Negligence Per Se – Violation of
14                                            California *Vehicle Code* § 22350
                **v.**                    3.  Negligence Per Se – Violation of
15                                            California *Vehicle Code* § 22504(a)
    **VICTOR VALLEY TRANSIT**
16  **AUTHORITY, a Governmental entity;**
    **DINORAH AGUILAR; TRANSDEV**         **DEMAND FOR JURY TRIAL**
17  **SERVICES, INC., A Maryland**
    **Corporation; VEOLIA**
18  **TRANSPORTATION SERVICES, INC., A**
    **Corporation; STEVEN KILTY; FBN**
19  **TRANSPORTATION, LLC, a Wisconsin**
    **Limited Liability Company; MARDAN**
20  **TRANSPORTATION LLC, a Wisconsin**
    **Limited Liability Company; AMSTON**
21  **SUPPLY, INC., a Wisconsin Corporation;**
    **and DOES 1 through 100, inclusive,**
22
                **Defendants.**
23

24         COME NOW the Plaintiffs, MARGARET KEIPER and DAIL KEIPER, JR., Individually and

25  as the Successors-in-Interest to DAIL KEIPER, SR., Deceased, by and through their attorneys of

26  record, Law Offices of Martin D. Gross, and for causes of action against Defendants VICTOR

27  VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV

28  SERVICES, INC., a Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation, and DOES 1 through 100, inclusive, and each of them, alleges as follows:

## NATURE OF THE ACTION

1.      At approximately 5:30 a.m. on Monday June 2, 2014 Dail Keiper, Sr. was a fare-paying passenger on a transit bus traveling in a northbound direction on the Ft. Irwin Truck By-Pass Road adjacent to Fort Irwin Road near its intersection with Paradise View Road (near Painted Rocks) just outside the Ft. Irwin National Training Center in Fort Irwin, California.  Prior thereto, a Tractor-Trailer combination that had also been traveling in the same direction had stopped in the roadway at that location.

2.      At said time and place the bus struck and rear-ended the stopped Tractor-Trailer combination causing fatal injuries to Plaintiffs' Decedent, Dail Keiper, Sr.  By this action, Mr. Keiper's widow, Margaret Keiper, and son, Dail Keiper, Jr., seek to recover damages for the injuries to and subsequent wrongful death of their beloved husband and father.

## THE PARTIES

3.      At all times relevant to this action, Plaintiff Margaret Keiper and Dail Keiper, Sr. [hereinafter alternatively referred to as "Dail Keiper, Sr." and/or as "Plaintiff's Decedent"] were lawfully married, held themselves out to the public as husband and wife and resided in the City of Barstow, County of San Bernardino, State of California.

4.      At all times relevant to this action Plaintiff Dail Keiper, Jr. was the natural child of Plaintiff Margaret Keiper and Dail Keiper, Sr. and he resided in the City of Barstow, County of San Bernardino, State of California.

5.      The Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times relevant to this action Defendant Victor Valley Transit District [hereinafter referred to as "VICTOR VALLEY"] was a public entity with its headquarters located at 17150

2

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

1  Smoketree Street, Hesperia, CA 92345. The Plaintiffs are informed and believe and, based upon such

2  information and belief, allege that at all times relevant to this action Defendant VICTOR VALLEY was

3  operating transit buses including, but not limited to the transit bus involved in the accident out of which

4  this action arises, as a Common Carrier in the County of San Bernardino, State of California and was

5  and presently is doing business in the County of San Bernardino, State of California.

6          6.      The Plaintiffs are informed and believe and, based upon such information and belief,

7  allege that at all times relevant to this action Defendant Dinorah Aguilar [hereinafter referred to as

8  "AGUILAR"] was a resident of the County of San Bernardino, State of California.

9          7.      The Plaintiffs are informed and believe and, based upon such information and belief,

10  allege that at all times relevant to this action Defendant Veolia Transportation Services, Inc., A

11  Corporation [hereinafter referred to as "VEOLIA"] was a Corporation with its headquarters located at

12  720 E. Butterfield Road, Suite 300, Lombard, IL . The Plaintiffs are informed and believe and, based

13  upon such information and belief, allege that at all times relevant to this action Defendant VEOLIA

14  was, and is, registered with the California Secretary of State's office and was, and is, doing business in

15  the County of San Bernardino, State of California.

16          8.      The Plaintiffs are informed and believe and, based upon such information and belief,

17  allege that at all times relevant to this action Defendant Transdev Services, Inc., a Maryland

18  Corporation [hereinafter referred to as "TRANSDEV"] was a Maryland Corporation with its

19  headquarters located at 720 E. Butterfield Road, Suite 300, Lombard, IL . The Plaintiffs are informed

20  and believe and, based upon such information and belief, allege that at all times relevant to this action

21  Defendant TRANSDEV was, and is, registered with the California Secretary of State's office and was,

22  and is, doing business in the County of San Bernardino, State of California. The Plaintiffs are informed

23  and believe and, based upon such information and belief, allege that TRANSDEV successor-in-interest

24  to VEOLIA TRANSPORTATION SERVICES, INC., A Corporation.

25          9.      The Plaintiffs are informed and believe and, based upon such information and belief,

26  allege that at all times relevant to this action Defendant Steven Kilty [hereinafter referred to as

27  "KILTY"] was a resident of the State of Wisconsin. The Plaintiffs are informed and believe and, based

28  upon such information and belief allege that at all times relevant to this action Defendant KILTY was,

3
**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

1   and is, doing business in the County of San Bernardino, State of California.

2       10.    The Plaintiffs are informed and believe and, based upon such information and belief,

3   allege that at all times relevant to this action Defendant FBN Transportation, LLC, a Wisconsin Limited

4   Liability Company [hereinafter referred to as "FBN TRANSPORTATION"] was, and is, a Wisconsin

5   Limited Liability Company with its headquarters located at 317 Washington Street, Athens, Wisconsin.

6   The Plaintiffs are informed and believe and, based upon such information and belief, allege that at all

7   times relevant to this action Defendant FBN TRANSPORTATION was, and is, registered with the

8   California Secretary of State's office and was, and is, doing business in the County of San Bernardino,

9   State of California.

10      11.    The Plaintiffs are informed and believe and, based upon such information and belief,

11  allege that at all times relevant to this action Defendant Mardan Transportation LLC, a Wisconsin

12  Limited Liability Company [hereinafter referred to as "MARDAN"] was a Wisconsin Limited Liability

13  Company with its headquarters located at 513 Allen Street, Athens Wisconsin.  The Plaintiffs are

14  informed and believe and, based upon such information and belief, allege that at all times relevant to

15  this action Defendant MARDAN was, and is, registered with the California Secretary of State's office

16  and was, and is, doing business in the County of San Bernardino, State of California.

17      12.    The Plaintiffs are informed and believe and, based upon such information and belief,

18  allege that at all times relevant to this action Defendant Amston Supply, Inc. [hereinafter referred to as

19  "AMSTON"] was a Wisconsin Corporation with its headquarters located at 1521 Waukesha Road,

20  Caledonia, Wisconsin.  The Plaintiffs are informed and believe and, based upon such information and

21  belief, allege that at all times relevant to this action Defendant AMSTON was, and is, registered with

22  the California Secretary of State's office and was, and is, doing business in the County of San

23  Bernardino, State of California.

24      13.    The true names or capacities, whether individual, corporate, associate, or otherwise of

25  Defendant DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs who, therefore,

26  sue said Defendants by such fictitious names. Plaintiffs are informed and believes and, based upon such

27  information and belief, allege that each of said Defendants designated herein as a DOE is responsible, in

28  some manner, for the events and happenings herein referred to, and caused injury and damages thereby

4

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

1   to the Plaintiffs as herein alleged.

2   14.     At all times relevant to this action Defendants VICTOR VALLEY, AGUILAR,

3   TRANSDEV, VEOLIA and DOES 1 through 10, inclusive, and each of them, were the agents, servants,

4   employees and joint venturers of each other and at all times herein mentioned each and all were acting

5   within the course, scope and purpose of their respective agency, service, employment and joint venture

6   relationships.

7   15.     At all times relevant to this action Defendants KILTY, FBN TRANSPORTATION,

8   MARDAN, AMSTON and DOES 51 through 65, inclusive, and each of them, were the agents,

9   servants, employees and joint venturers of each other and at all times herein mentioned each and all

10  were acting within the course, scope and purpose of their respective agency, service, employment and

11  joint venture relationships.

12  ### GENERAL ALLEGATIONS

13  16.     The Plaintiffs are informed and believe and, based upon such information and belief,

14  allege that at all times relevant to this action Defendant VICTOR VALLEY and DOES 1 through 5,

15  inclusive, and each of them, were and are the owners of, or had a certain ownership interest in, a transit

16  bus bearing California license plate no. 1358342 [hereinafter referred to as the "BUS"] which was being

17  used as a Common Carrier and providing transportation to fare-paying passengers on June 2, 2014,

18  including Plaintiffs' Decedent, Dail Keiper, Sr.

19  17.     The Plaintiffs are informed and believe and, based upon such information and belief,

20  allege that at all times relevant to this action Defendant VICTOR VALLEY had entered into a contract

21  with Defendants TRANSDEV, VEOLIA and DOES 6 through 10, inclusive, and each of them, under

22  which TRANSDEV and VEOLIA would provide its employee drivers to operate Defendant VICTOR

23  VALLEY's transit buses including, but not limited to, the BUS.

24  18.     The Plaintiffs are informed and believe and, based upon such information and belief,

25  allege that Defendant AGUILAR was employed by Defendants TRANSDEV, VEOLIA and DOES 6

26  through 10, inclusive, and each of them, and was a Special Employee of Defendants VICTOR

27  VALLEY and DOES 1 through 5, inclusive, and each of them, and was operating the BUS with the

28  permission and consent of Defendants VICTOR VALLEY, TRANSDEV, VEOLIA and DOES 1

5

1   through 10, inclusive, and each of them, at the time of the accident out of which this action arises. The

2   Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendants

3   AGUILAR, VICTOR VALLEY, TRANSDEV, VEOLIA and DOES 1 through 10, inclusive, and each

4   of them, are directly and/or vicariously, and/or for other reasons set forth herein, liable for the actions,

5   omissions and negligence of AGUILAR as alleged in this Complaint.

6       19.    The Plaintiffs are informed and believe and, based upon such information and belief,

7   allege that at all times relevant to this action Defendants MARDAN and DOES 51 through 55,

8   inclusive, and each of them, were and are the owners of, or had an ownership interest in, a 2006 Volvo

9   Tractor bearing Wisconsin license plate no. 53549W [hereinafter referred to as the "TRACTOR"].

10      20.    Plaintiffs are informed and believe and, based upon such information and belief, allege

11  that at all times relevant to this action Defendants AMSTON and DOES 56 through 60, inclusive and

12  each of them, were the owners of, or had an ownership interest in, a 2014 MNAC Trailer bearing

13  Wisconsin license plate 674498 [hereinafter referred to as the "TRAILER"] loaded with an 11-ton

14  HMMT tank.

15      21.    The Plaintiffs are informed and believe and, based upon such information and belief,

16  allege that at all times relevant to this action Defendant FBN TRANSPORTATION had entered into

17  one or more contracts with Defendants MARDEN, AMSTON and DOES 51 through 60, inclusive, and

18  each of them, under which FBN TRANSPORTATION would provide its employee drivers to operate

19  the TRACTOR and TRAILER [hereinafter referred to as the "TRACTOR-TRAILER

20  COMBINATION"] .

21      22.    The Plaintiffs are informed and believe and, based upon such information and belief,

22  allege that Defendant KILTY was employed by Defendants FBN TRANSPORTATION and DOES 61

23  through 65, inclusive, and each of them, and was operating the TRACTOR-TRAILER

24  COMBINATION with the permission and consent of Defendants FBN TRANSPORTATION,

25  MARDEN, AMSTON and DOES 51 through 65, inclusive, and each of them, at the time of the

26  accident out of which this action arises. The Plaintiffs are informed and believe and, based upon such

27  information and belief, allege that Defendants FBN TRANSPORTATION, MARDEN, AMSTON and

28  DOES 51 through 65, inclusive, and each of them, are directly and/or vicariously, and/or for other

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

6

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

1  reasons set forth herein, liable for the actions, omissions and negligence of KILTY as alleged in this

2  Complaint.

3       23.    The Plaintiffs is informed and believes and, upon such information and belief, alleges

4  that Defendants DOES 11 through 20, inclusive, are persons and/or entities who, at all relevant times,

5  performed maintenance, repair, inspection, troubleshooting, and other services on and to the

6  TRACTOR, including its component parts, prior to the date of the incident out of which this action

7  arises and whose respective services were performed in a negligent or otherwise actionably improper

8  manner such that they directly and/or proximately caused or contributed to the incident out of which

9  this action arises and the resulting death of the Plaintiffs' Decedent.

10       24.    The Plaintiffs are informed and believe and, upon such information and belief, allege

11  that Defendants DOES 21 through 30, inclusive, and each of them, are unknown persons and/or entities

12  who designed, manufactured, tested, sold, or otherwise supplied component parts and who are strictly

13  liable for failure of the component parts of the TRACTOR and/or who were negligent in their design,

14  manufacture, testing, inspecting, selling, supplying, and/or otherwise integrating and/or failing to warn

15  of dangers of the component parts of the TRACTOR and/or who are liable for a breach of express and

16  implied warranties of the TRACTOR's component parts that directly and/or proximately contributed to

17  the incident out of which this action arises and the resulting death of the Plaintiffs' Decedent.

18       25.    The Plaintiffs is informed and believes and, upon such information and belief, alleges

19  that Defendants DOES 66 through 75, inclusive, are persons and/or entities who, at all relevant times,

20  performed maintenance, repair, inspection, troubleshooting, and other services on and to the TRAILER,

21  including its component parts, prior to the date of the incident out of which this action arises and whose

22  respective services were performed in a negligent or otherwise actionably improper manner such that

23  they directly and/or proximately caused or contributed to the incident out of which this action arises and

24  the resulting death of the Plaintiffs' Decedent.

25       26.    The Plaintiffs are informed and believe and, upon such information and belief, allege

26  that Defendants DOES 76 through 85, inclusive, and each of them, are unknown persons and/or entities

27  who designed, manufactured, tested, sold, or otherwise supplied component parts and who are strictly

28  liable for failure of the component parts of the TRAILER and/or who were negligent in their design,

1  manufacture, testing, inspecting, selling, supplying, and/or otherwise integrating and/or failing to warn

2  of dangers of the component parts of the TRAILER and/or who are liable for a breach of express and

3  implied warranties of the TRAILER's component parts that directly and/or proximately contributed to

4  the incident out of which this action arises and the resulting death of the Plaintiffs' Decedent.

5     27.    The Plaintiffs are informed and believe and, based upon such information and belief,

6  allege that at the approximate hour of 5:00 a.m. on June 2, 2014 Defendant KILTY, was in the course

7  and scope of his agency, service and employment by Defendants FBN TRANSPORTATION and

8  DOES 61 through 65, inclusive, and each of them, and was operating the TRACTOR-TRAILER

9  COMBINATION   with   the   permission   and   consent   of   its   owners   Defendants   FBN

10  TRANSPORTATION, MARDEN, AMSTON and DOES 51 through 65, inclusive, and each of them.

11  At said time and place Defendant KILTY brought the TRACTOR-TRAILER COMBINATION to a full

12  and complete stop in a travel lane of the Ft. Irwin Truck By-Pass Road adjacent to Fort Irwin Road and

13  Paradise View Road near Painted Rocks just outside the Ft. Irwin National Training Center in Fort

14  Irwin, California.

15     28.    The Plaintiffs are informed and believe and, based upon such information and belief,

16  allege that at the approximate hour of 5:00 a.m. on June 2, 2014 Defendant AGUILAR, was in the

17  course and scope of her agency, service and employment by Defendants TRANSDEV, VEOLIA and

18  DOES 6 through 10, inclusive, and each of them, and was operating the BUS as a Common Carrier with

19  the permission and consent of its owners Defendants VICTOR VALLEY, TRANSDEV, VEOLIA and

20  DOES 1 through 10, inclusive, and each of them. At said time and place Dail Keiper, Sr. was a fare-

21  paying passenger on the BUS which was traveling in a northbound direction on the Ft. Irwin Truck By-

22  Pass Road adjacent to Fort Irwin Road and Paradise View Road near Painted Rocks just outside the Ft.

23  Irwin National Training Center in Fort Irwin, California.

24     29.    At   said   time   and   place   the   BUS   struck   the   stopped   TRACTOR-TRAILER

25  COMBINATION. As a direct and proximate result of that impact Dail Keiper, Sr. to sustain blunt force

26  traumatic injuries to his body including, but not limited to fractures of the skull, both clavicles, multiple

27  right and left ribs, right tibia, right fibula, sternum, mandibular alveolar ridge, left side mandible and

28  right second metacarpal as well as lacerations of the right chest wall, right lung, ascending aorta, liver

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90402

8

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

and tongue, avulsion of the right lung as well as other undiagnosed injuries, all of which caused and contributed to his demise.

30.    Plaintiffs complied with the California *Government Code*'s claim filing requirements by timely serving their respective Claims for Money or Damages Against VICTOR VALLEY on July 24, 2014.  Under cover of correspondence dated September 23, 2014 the Public Entity Risk Management Authority rejected those claims.  At all times relevant hereto, California *Government Code* § 815.2(a) was in effect. That section states:

> **§ 815.2(a).  Causes of injuries for which public entity liable.**
> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

Plaintiffs bring this action as against Defendant VICTOR VALLEY pursuant thereto.

31.    The Plaintiff allege that they are entitled to prejudgment interest pursuant to California law including, but not limited to, California *Civil Code* § 3288 from the date of the incident on June 2, 2014, up to and including the date of judgment, according to proof.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

**[As Against Defendants VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive]**

32.    The Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the Nature of the Action, Paragraphs 1 through 2, inclusive, Parties, Paragraphs 3 through 15, inclusive, and General Allegations, Paragraphs 16 through 31, inclusive, and each of them as though fully set forth at this point.

33.    Defendants VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation, VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; and DOES 1 through 10, inclusive, and each

9

of them, have, and at all times herein had, a duty to use reasonable care with respect to the ownership, inspection, operation and maintenance of the BUS and its component parts.

34. Defendants KILTY, FBN TRANSPORTATION and DOES 51 through 65, inclusive, and each of them, have, and at all times herein had, a duty to use reasonable care with respect to the ownership, inspection, operation and maintenance of the TRACTOR-TRAILER COMBINATION and its component parts.

35. Defendants MARDAN and DOES 51 through 55, inclusive, and each of them, have, and at all times herein had, a duty to use reasonable care with respect to the ownership, inspection, operation and maintenance of the TRACTOR and its component parts.

36. Defendants Defendant AMSTON and DOES 56 through 60, inclusive and each of them, have, and at all times herein had, a duty to use reasonable care with respect to the ownership, inspection, operation and maintenance of the TRAILER and its component parts.

37. On June 2, 2014, as a direct and proximate result of the negligence and carelessness of Defendants VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive, and each of them, and the consequent injuries and damages to, and death of, their Decedent, Dail Keiper, Sr., the Plaintiffs have suffered the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance of their Decedent, all to their general and non-economic damages in an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

38. As a further, direct and proximate result of the negligence and carelessness of Defendants VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

10

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

1  Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability

2  Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive,

3  and each of them, and the consequent injuries and damages to, and death of, their Decedent, the

4  Plaintiffs have lost the earnings, financial support, gifts, benefits and household services that their

5  Decedent had previously and would have continued to provide to them had the incident of June 2, 2014,

6  not occurred, all to their special and economic damages in an amount which will be stated according to

7  proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

8      39.    As a further, direct and proximate result of the negligence and carelessness of

9  Defendants VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH

10  AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION

11  SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin

12  Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability

13  Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive,

14  and  each of them,  and the consequent injuries and damages to, and death of, their Decedent, the

15  Plaintiffs have incurred funeral, mortuary and burial expenses in an amount which will be stated

16  according to proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

17      40.    The Plaintiffs are informed and believe and, based upon such information and belief,

18  allege that prior to June 2, 2014 Defendant AGUILAR was not a careful, safe and prudent driver who

19  did not follow or obey the California *Vehicle Code* or the *Vehicle Codes* of other states and who, in the

20  course of her operation of vehicles in the course and scope of her agency, servitude, employment and/or

21  joint venture relationship with Defendants VICTOR VALLEY TRANSIT AUTHORITY, a

22  Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland

23  Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation and DOES 1 through

24  10, inclusive, and each of them, as well as in the operation of her personal vehicles, had caused prior

25  accidents and injuries to others.

26      41.    The Plaintiffs are informed and believe and, based upon such information and belief,

27  allege that prior to June 2, 2014 Defendant KILTY was not a careful, safe and prudent driver who  did

28  not follow or obey the California *Vehicle Code* or the *Vehicle Codes* of other states and who, in the

11

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

1  course of his operation of vehicles in the course and scope of his agency, servitude, employment and/or

2  joint venture relationship with Defendant FBN TRANSPORTATION and DOES 61 through 65,

3  inclusive, and each of them, as well as in the operation of his personal vehicles, had caused prior

4  accidents and injuries to others.

5      42.    Prior to and at the time that the BUS struck and rear-ended the TRACTOR-TRAILER

6  COMBINATION on June 2, 2014 Defendants TRANSDEV SERVICES, INC., A Maryland

7  Corporation and VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; and each of them,

8  had constructive notice and actual knowledge that their continued agency, servitude, employment

9  and/or joint venture relationship with Defendant AGUILAR and her continued permissive operation of

10 their vehicles including, but not limited to, the BUS would endanger the safety and well-being of

11 members of the general public including, but not limited to, Dail Keiper, Sr. Notwithstanding such

12 notice and knowledge, and with conscious disregard for the safety of others, Defendants TRANSDEV

13 SERVICES, INC., A Maryland Corporation and VEOLIA TRANSPORTATION SERVICES, INC., A

14 Corporation, and each of them, ordered, directed, required, permitted and allowed Defendant

15 AGUILAR to permissibly operate the BUS on public roads and highways thereby exposing members of

16 the general public including, but not limited to, Dail Keiper, Sr., to great danger and the risk of injury

17 from Defendant AGUILAR's continued permissive use and operation of the BUS. In doing the

18 foregoing acts, and by ordering, directing, requiring, permitting and allowing Defendant AGUILAR to

19 permissively use and operate the BUS, Defendants TRANSDEV SERVICES, INC., A Maryland

20 Corporation and VEOLIA TRANSPORTATION SERVICES, INC., A Corporation, and each of them,

21 acted with malice as defined by California *Civil Code* § 3288, with willful and wanton negligence and

22 in conscious disregard of the safety and well-being of others including, but not limited to, Dail Keiper,

23 Sr.. Such conduct qualifies as despicable conduct as that term is defined in California *Civil Code* §

24 3294, warranting the imposition of punitive or exemplary damages against Defendants TRANSDEV

25 SERVICES, INC., A Maryland Corporation and VEOLIA TRANSPORTATION SERVICES, INC., A

26 Corporation, and each of them, in order to set an example of them, and to dissuade them from future

27 reckless and illegal conduct, in amounts according to proof at trial.

28     43.    Prior to and at the time that the BUS struck and rear-ended the TRACTOR-TRAILER

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

1   COMBINATION on June 2, 2014 Defendant FBN TRANSPORTATION had constructive notice and

2   actual knowledge that its continued agency, servitude, employment and/or joint venture relationship

3   with Defendant KILTY and his continued permissive operation of their vehicles including, but not

4   limited to, the TRACTOR-TRAILER COMBINATION would endanger the safety and well-being of

5   members of the general public including, but not limited to, Dail Keiper, Sr.  Notwithstanding such

6   notice and knowledge, and with conscious disregard for the safety of others, Defendant FBN

7   TRANSPORTATION ordered, directed, required, permitted and allowed Defendant KILTY to

8   permissibly operate the TRACTOR-TRAILER COMBINATION on public roads and highways thereby

9   exposing members of the general public including, but not limited to, Dail Keiper, Sr., to great danger

10  and the risk of injury from Defendant KILTY's continued permissive use and operation of the

11  TRACTOR-TRAILER COMBINATION.  In doing the foregoing acts, and by ordering, directing,

12  requiring, permitting and allowing Defendant KILTY to permissively use and operate the TRACTOR-

13  TRAILER COMBINATION, Defendant FBN TRANSPORTATION acted with malice as defined by

14  California *Civil Code* § 3288, with willful and wanton negligence and in conscious disregard of the

15  safety and well-being of others including, but not limited to, Dail Keiper, Sr.. Such conduct qualifies as

16  despicable conduct as that term is defined in California *Civil Code* § 3294, warranting the imposition of

17  punitive or exemplary damages against Defendant FBN TRANSPORTATION in order to set an

18  example of them, and to dissuade them from future reckless and illegal conduct, in amounts according

19  to proof at trial.

20

21            **SECOND CAUSE OF ACTION FOR NEGLIGENCE PER SE**
22               **– Violation of California Vehicle Code § 22350**

23            **[As Against Defendant DINORAH AGUILAR]**

24         44.    The Plaintiffs re-allege and incorporate herein by reference each and every allegation

25  set forth in the Nature of the Action, Paragraphs 1 through 2, inclusive, Parties, Paragraphs 3 through

26  15, inclusive, and General Allegations, Paragraphs 16 through 31, inclusive, and each of them, as

27  though fully set forth at this point.

28         45.    The Plaintiffs are informed and believe and, based upon such information and belief,

13

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

allege that prior to and at the time of the incident on or about June 2, 2014, California *Vehicle Code* § 22350 was in effect. That Section states that:

> **22350 - Basic Speed Law**
> No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.

46.     Plaintiffs' Decedent, Dail Keiper, Sr., was among the class of persons that California *Vehicle Code* § 22350 was intended to protect.

47.     The Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant AGUILAR violated the terms and provisions of California *Vehicle Code* § 22350 on June 2, 2014, when she operated the BUS at a speed greater than reasonable or prudent and without due regard for weather, visibility, the traffic on, and the surface and width of, the highway and at a speed which endangered the safety or persons and property when the BUS struck and collided with the TRACTOR-TRAILER COMBINATION causing serious and, ultimately, fatal injuries to Dail Keiper, Sr.

48.     Dail Keiper, Sr. suffered blunt force traumatic injuries to his body including, but not limited to fractures of the skull, both clavicles, multiple right and left ribs, right tibia, right fibula, sternum, mandibular alveolar ridge, left side mandible and right second metacarpal as well as lacerations of the right chest wall, right lung, ascending aorta, liver and tongue, avulsion of the right lung as well as other undiagnosed injuries, and, ultimately, died as a direct and proximate result of Defendant AGUILAR's violation of California *Vehicle Code* § 22350 and the traumatic injuries that he sustained when the BUS struck the TRACTOR-TRAILER COMBINATION.

49.     As a direct and proximate result of Defendant AGUILAR's violation of California *Vehicle Code* § 22350 on June 2, 2014 and the consequent injuries and damages to, and death of, their Decedent, Dail Keiper, Sr., the Plaintiffs have suffered the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance of their Decedent, all to their general and non-economic damages in  an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof at the time of trial, pursuant to

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

14

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

1  California *Code of Civil Procedure* § 425.10.

2      50.    As a direct and proximate result of Defendant AGUILAR's violation of California

3  *Vehicle Code* § 22350 on June 2, 2014 and the consequent injuries and damages to, and death of, their

4  Decedent, the Plaintiffs have lost the earnings, financial support, gifts, benefits and household services

5  that their Decedent had previously and would have continued to provide to them had the incident of

6  June 2, 2014, not occurred, all to their special and economic damages in an amount which will be stated

7  according to proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

8      51.    As a direct and proximate result of Defendant AGUILAR's violation of California

9  *Vehicle Code* § 22350 on June 2, 2014 and the consequent injuries and damages to, and death of, their

10  Decedent, the Plaintiffs have incurred funeral, mortuary and burial expenses in an amount which will be

11  stated according to proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

12

13  

**THIRD CAUSE OF ACTION FOR NEGLIGENCE PER SE**
**– Violation of California Vehicle Code § 22504(a)**

14  

15  **[As Against Defendant STEVEN KILTY]**

16      52.    The Plaintiffs re-allege and incorporate herein by reference each and every allegation set

17  forth in the Nature of the Action, Paragraphs 1 through 2, inclusive, Parties, Paragraphs 3 through 15,

18  inclusive, and General Allegations, Paragraphs 16 through 31, inclusive, and each of them, as though

19  fully set forth at this point.

20      53.    The Plaintiffs are informed and believe and, based upon such information and belief,

21  alleges that prior to and at the time of the incident on or about June 2, 2014, California *Vehicle Code*

22  § 22504 (a) was in effect.  That Section states that:

23      **22504 – Unincorporated areas: Parking, stopping or leaving vehicle
standing; Schoolbus stops**

24  (a) Upon any highway in unincorporated areas, a person shall not stop, park, or

25  leave standing any vehicle, whether attended or unattended, upon the roadway
when it is practicable to stop, park, or leave the vehicle off such portion of the

26  highway, but in every event an unobstructed width of the highway opposite a
standing vehicle shall be left for the free passage of other vehicles and a clear

27  view of the stopped vehicle shall be available from a distance of 200 feet in
each direction upon the highway….

28

15

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

54.     The Plaintiffs' Decedent, Dail Keiper, Sr., was among the class of persons that California *Vehicle Code* § 22504(a) was intended to protect.

55.     The Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant KILTY violated the terms and provisions of California *Vehicle Code* § 22504 on June 2, 2014, when he caused the TRACTOR-TRAILER COMBINATION to stop and park in the number two lane of the Ft. Irwin Truck By-Pass Road adjacent to Fort Irwin Road and Paradise View Road near Painted Rocks just outside the Ft. Irwin National Training Center in Fort Irwin, California where it was subsequently struck and rear-ended by the BUS causing serious and, ultimately, fatal injuries to Dail Keiper, Sr.

56.     Dail Keiper, Sr. suffered blunt force traumatic injuries to his body including, but not limited to fractures of the skull, both clavicles, multiple right and left ribs, right tibia, right fibula, sternum, mandibular alveolar ridge, left side mandible and right second metacarpal as well as lacerations of the right chest wall, right lung, ascending aorta, liver and tongue, avulsion of the right lung as well as other undiagnosed injuries, and, ultimately, died as a direct and proximate result of Defendant KILTY's violation of California *Vehicle Code* § 22504(a) and the traumatic injuries that he sustained when the BUS struck the TRACTOR-TRAILER COMBINATION.

57.     As a direct and proximate result of Defendant KILTY's violation of California *Vehicle Code* § 22504(a) on June 2, 2014 and the consequent injuries and damages to, and death of, their Decedent, Dail Keiper, Sr., the Plaintiffs have suffered the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance of their Decedent, all to their general and non-economic damages in  an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

58.     As a direct and proximate result of Defendant KILTY's violation of California *Vehicle Code* § 22504(a) on June 2, 2014 and the consequent injuries and damages to, and death of, their Decedent, the Plaintiffs have lost the earnings, financial support, gifts, benefits and household services that their Decedent had previously and would have continued to provide to them had the incident of June 2, 2014, not occurred, all to their special and economic damages in an amount which will be stated

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

16

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

1  according to proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

2     59.    As a direct and proximate result of Defendant KILTY's violation of California *Vehicle*

3  *Code* § 22504(a) on June 2, 2014 and the consequent injuries and damages to, and death of, their

4  Decedent, the Plaintiffs have incurred funeral, mortuary and burial expenses in an amount which will be

5  stated according to proof at the time of trial, pursuant to California *Code of Civil Procedure* § 425.10.

6

7     **WHEREFORE**, Plaintiffs MARGARET KEIPER and DAIL KEIPER, JR., Individually and as

8  the Successor-in-Interest to DAIL KEIPER, SR., Deceased, pray for judgment against Defendants

9  VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR;

10  TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION

11  SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin

12  Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability

13  Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive,

14  and each of them, jointly and/or severally, as follows:

15     1.    For non-economic or general damages for the wrongful death, including the loss of love,

16        companionship, comfort, care, assistance, protection, affection, society, moral support,

17        training and guidance of Plaintiffs' Decedent, DAIL KEIPER, SR., according to proof;

18     2.    For economic damages for the wrongful death, including the loss of love,

19        companionship, comfort, care, assistance, protection, affection, society, moral support,

20        training and guidance of Plaintiffs' Decedent, DAIL KEIPER, SR., according to proof;

21     3.    For all past funeral, mortuary, burial, and incidental expenses for Plaintiffs' Decedent

22        DAIL KEIPER, SR., according to proof;

23     4.    For punitive and exemplary damages on the First Cause of Action as against Defendants

24        TRANSDEV SERVICES, INC., A Maryland Corporation, VEOLIA

25        TRANSPORTATION SERVICES, INC., A Corporation; and FBN

26        TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; and each of them,

27        only, according to proof;

28     5.    For prejudgment interest from the date of the incident on June 2, 2014, to the date of

17

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

Judgment, as provided by law;

6.     For costs of litigation; and

7.     For such other and further relief as this Court may deem just and proper.

DATED: March __3__, 2015          **LAW OFFICES OF MARTIN D. GROSS**

By: _____
Martin D. Gross
Attorneys for Plaintiff
**MARGARET KEIPER and DAIL KEIPER, JR.,
Individually and as the Successor-in-Interest to
DAIL KEIPER, SR.**

## DEMAND FOR TRIAL BY JURY

Plaintiffs MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successor-in-Interest to DAIL KEIPER, SR. hereby demand a trial by jury to the full extent permitted by law.

DATED: March __3__, 2015          **LAW OFFICES OF MARTIN D. GROSS**

By: _____
Martin D. Gross
Attorneys for Plaintiffs
**MARGARET KEIPER and DAIL KEIPER, JR.,
Individually and as the Successor-in-Interest to
DAIL KEIPER, SR.**

LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403

18
COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL