David S. Kahn, Esq.
California Bar No. 148639
dkahn@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

*Attorneys for Defendants*
*Victor Valley Transit Authority; Transdev Services, Inc.;*
*Veolia Transportation Services, Inc.; and Dinorah Aguilar*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased | Case No. 5:15−cv−00703−BRO(SPx) |
| Plaintiffs, | |
| v. | **THIRD-PARTY COMPLAINT** |
| VICTOR VALLEY TRANSIT AUTHORITY, a Government entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive, | |
| Defendants | |

*Attorney side margin:* Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC — 6385 S. Rainbow Blvd., Suite 400 — Las Vegas, Nevada 89118 — (702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1  VICTOR VALLEY TRANSIT AUTHORITY, a government entity;
2  DINORAH AGUILAR, an individual;
3  TRANSDEV SERVICES, INC., a Maryland corporation; VEOLIA
4  TRANSPORTATION SERVICES, INC., a corporation,
5
6          Third-Party Plaintiffs,
7  v.
8  THE UNITED STATES OF AMERICA; DOES 1 through 10, inclusive,
9
10          Third-Party Defendants.

12  Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, Victor
13  Valley Transit Authority ("VVTA"), Transdev Services, Inc. ("TRANSDEV"),
14  Veolia Transportation Services, Inc. ("VEOLIA"), and Dinorah Aguilar
15  ("AGUILAR") (all four parties are collectively referred to as "Third-Party
16  Plaintiffs"), hereby allege as follows:
17  1.   On March 4, 2015, Plaintiffs MARGARET KEIPER and DAIL
18  KEIPER JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR.,
19  Deceased, filed a civil action in the Superior Court of the State of California, County
20  of San Bernardino, against VICTOR VALLEY TRANSIT AUTHORITY, a
21  Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., a
22  Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., a
23  Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin
24  Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin
25  Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation;
26  and DOES 1 through 100, inclusive, Case No. CIVDS1502899. A copy of the
27  Complaint is attached hereto as "Exhibit 1."
28  / / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

2.    On April 10, 2015, Third-Party Plaintiffs removed the state court action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court, Central District of California, on the basis of federal enclave jurisdiction.

3.    On May 7, 2015, Plaintiffs filed a Motion to Remand the action to state court.

4.    A Response to the Motion for Remand will be filed concurrently with this Third-Party Complaint.

5.    Plaintiffs' claims arise out of an automobile accident on June 2, 2014, within Fort Irwin, located in San Bernardino County, California, and Plaintiffs seek certain general, special, and exemplary damages allegedly arising out of said accident, including claims for costs, fees, and interest.

6.    Assuming, without admitting, that Third-Party Plaintiffs, are found to be responsible for Plaintiffs' alleged damages, The United States of America is liable to Third-Party Plaintiffs for all or part of the Plaintiffs' claims under state law.

## JURISDICTION AND VENUE

7.    This action is based upon the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 *et seq.*, involving a civil action on claims against the United States, for money damages, injury, loss of property, personal injury and death, caused by the negligent or wrongful act or omission of a government employee within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to Third-Party Plaintiffs under California law, and this Court therefore has exclusive jurisdiction over this matter pursuant to the same.

8.    The United States District Court for the Central District of California is the proper venue, as the Plaintiffs reside in the above judicial district, and the act and omissions herein complained of occurred in said judicial district.

9.    The prerequisites under 28 U.S.C.A. § 2675, with regard to claims directly asserted against the Unites States of America (i.e., Negligence) have been

met by Veolia Transportation Services, Inc., as on October 22, 2014, Third-Party Plaintiffs filed a claim for $750,000,000, with regard to damages to its property, with: 1) Fort Irwin National Training Center, 2) US Army Claims Service; 3) the U.S. Department of Justice; and 4) the Fort Irwin Police.  Such claim was denied on March 13, 2015, via a letter signed by Patrick F. McIntyre, Esq., from the Department of the Army, Tort Claims Division.  The claim and the denial letter are attached as Exhibits 2 and 3.

10.    The prerequisites under 28 U.S.C.A. § 2675 do not apply to claims asserted under the Federal Rules of Civil Procedure by third-party complaint (i.e., for Equitable Indemnity and/or Contribution).  See 28 U.S.C.A. § 2675 (a). Nevertheless, utilizing the same claim form with the same timing as indicated in the preceding paragraph, such claims were made by Veolia Transportation Services, Inc., for personal injury in the amount of $55,000,000, and for wrongful death in the amount of $20,000,000 (total of $75,000,000, however the claim form indicates that a sum certain could not be determined at that time), and all such claims were denied in the same letter denying the property damage claim as identified in the preceding paragraph.  Indicated in the claim letter was that the claim was for indemnity, defense, contribution, and apportionment for all liability arising from the accident, including as sought by other parties injured or involved in the accident.

## PARTIES

11.    At all times relevant to this action, Third-Party Plaintiff VVTA was a public entity with its headquarters located at 17150 Smoketree Street, Hesperia, CA 92345. VVTA was operating the transit bus involved in the accident out of which this action arises, as a Common Carrier in the County of San Bernardino, State of California and is presently doing business in the County of San Bernardino, State of California.

12.    At all times relevant to this action, Third-Party Plaintiff TRANSDEV was a Maryland Corporation with its headquarters located at 720 E. Butterfield

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Road, Suite 300, Lombard, IL. TRANSDEV was, and is, registered with the California Secretary of State's office and was, and is, doing business in the County of San Bernardino, State of California.

13.     At all times relevant to this action, Third-Party Plaintiff VEOLIA was a Corporation with its headquarters located at 720 E. Butterfield Road, Suite 300, Lombard, IL. Veolia was, and is, registered with the California Secretary of State's office and was doing business in the County of San Bernardino, State of California.

14.     At all times relevant to this action, Third-Party Plaintiff AGUILAR was a resident of the County of San Bernardino, State of California.

15.     Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times relevant to this action, Plaintiffs Margaret Keiper, Dail Keiper, Sr., and Dail Keiper, Jr. resided in or near the City of Barstow, County of San Bernardino, State of California.

16.     Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times relevant to this action, Defendant Steven Kilty ("KILTY") was a resident of the State of Wisconsin. Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times relevant to this action Defendant KILTY was doing business in the County of San Bernardino, State of California.

17.     Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times relevant to this action, Defendant FBN Transportation, LLC, ("FBN") was, and is, a Wisconsin Limited Liability Company with its headquarters located at 317 Washington Street, Athens, Wisconsin. Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times relevant to this action Defendant FBN TRANSPORTATION was doing business in the County of San Bernardino, State of California.

/ / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1  18.  Third-Party Plaintiffs are informed and believe and, based upon such

2  information and belief, allege that at all times relevant to this action, Defendant

3  Mardan Transportation, LLC ("MARDAN") was, and is, a Wisconsin Limited

4  Liability Company with its headquarters located at 513 Allen Street, Athens,

5  Wisconsin. Third-Party Plaintiffs are informed and believe and, based upon such

6  information and belief, allege that at all times relevant to this action Defendant

7  MARDAN was doing business in the County of San Bernardino, State of California.

8  19.  Third-Party Plaintiffs are informed and believe and, based upon such

9  information and belief, allege that at all times relevant to this action, Defendant

10  Amston Supply, Inc. ("AMSTON") was, and is, a Wisconsin Corporation with its

11  headquarters located at 1521 Waukesha Road, Caledonia, Wisconsin. Third-Party

12  Plaintiffs are informed and believe and, based upon such information and belief,

13  allege that at all times relevant to this action Defendant AMSTON was  doing

14  business in the County of San Bernardino, State of California.

15  20.  At all times relevant to this action Defendants KILTY, FBN,

16  MARDAN, and/or AMSTON, were the agents, servants, employees and joint

17  ventures of each other and all times herein mentioned each and all were actions

18  within the court, scope, and purpose of their respective agency, service, employment

19  and joint venture relationship.

20  21.  All times relevant to this action, unidentified employees of the UNITED

21  STATES OF AMERICA, working at Fort Irwin, and with regard to all the

22  allegations set forth in this Third-Party Complaint (including those referencing

23  Plaintiffs' Complaint and Third-Party Plaintiffs' [Defendants'] Answer to that

24  Complaint), were acting within the scope of their employment.

25  22.  The true names and capacities, whether individual, governmental

26  agency, corporate, associate or otherwise of the Third-Party Defendants designated

27  fictitiously herein as Does 1 to 10 are unknown to Third-Party Plaintiffs at this time,

28  who therefore sue said Third-Party Defendants by said fictitious names and will seek

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

leave of this Court to amend their Third-Party Complaint or will substitute the named parties as permitted by law, to show their true names and capacities, when the same have been ascertained, together with such additional allegations that may be necessary in that regard.

**FACTUAL ALLEGATIONS**

23.    Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that at approximately 5:10 a.m. on Monday, June 2, 2014, Dail Keiper, Sr. was on a transit bus, driven by Third-Party Plaintiff AGUILAR, traveling in a northbound direction on the Ft. Irwin Truck by-Pass Round adjacent to Fort Irwin National Training Center, within Fort Irwin, located in San Bernardino County, California.

24.    Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that prior thereto, Defendant KILTY, was in the course and scope of his agency, service, and employment by Defendant FBN or other entities and was operating and/or had parked a TRACTOR-TRAILER COMBINATION with the permission and consent of or at the instruction of its owners Defendants FBN, MARDEN, and/or AMSTON, and Does 1-10, inclusive, and each of them.    At said time and place Defendant KILTY brought the TRACTOR-TRAILER COMBINATION to a full and complete stop in the darkness, in a travel lane on the Fort Irwin Truck By-Pass Road adjacent to Fort Irwin Road and Paradise View Road near Painted Rocks just outside the Fort Irwin National Training Center but within Fort Irwin, located in San Bernardino County, California.

25.    At the time of the occurrence hereinafter complained of and at all times prior thereto, AGUILAR, and all the Third-Party Plaintiffs were in the exercise of ordinary care.

/ / /

/ / /

/ / /

26.     Despite the fact that AGUILAR, and all the Third-Party Plaintiffs, were operating the bus in a reasonable and  prudent manner, without speeding, and exercising due care, the bus AGUILAR was driving, at said time and place, rear-ended the stopped TRACTOR-TRAILER COMBINATION.

27.     Said collision was caused in whole or in part by the TRACTOR-TRALIER COMBINATION being stopped in said travel lane, in the darkness, without emergency lights or flashers on, without any cones or warning devices, and without any warning or notice to Third-Party Plaintiffs and AGUILAR about the dangerous condition it created.

28.     Plaintiff Decedent Dail Keiper, Sr. suffered fatal injuries.

29.     Defendants KILTY and FBN, allege in pleadings recently filed with the Court that the TRACTOR-TRAILER COMBINATION was stopped on Fort Irwin Bypass Road in compliance with recognized, mandatory, entry procedures into Fort Irwin.   Defendants are thus informed and believe based on these recent representations by co-defendants that the United States of America and its employees played a significant role in causing the accident.

30.     Third-Party Plaintiffs are informed and believe and, based upon such information and belief, allege that prior to the accident, an unidentified non-party warned a UNITED STATES OF AMERICA employee working within the confines of Fort Irwin that the same TRACTOR-TRAILER COMBINATION was stopped in lanes without lights on Fort Irwin road and that it was "an accident waiting to happen" and that employee or those employees so notified failed to address the situation, in violation of the duties of such employee or employees, and such failure caused in whole or in part the accident at issue.

31.     Third-Party Plaintiffs further allege that said collision was caused in whole or in part by the failure of military personnel to require the TRACTOR-TRAILER COMBINATION to move or to utilize flashers, cones, or warning

/ / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1  devices, despite that the TRACTOR-TRAILER COMBINATION was adjacent to a

2  manned guard post where military personnel had knowledge of its presence.

3      32.    Third-Party Plaintiffs further allege that said collision was caused in

4  whole or in part by the policies and procedures in place at Fort Irwin, or failure to

5  follow any relevant policies and procedures, where the TRACTOR-TRAILER

6  COMBINATION, understood to be a delivery vehicle attempting to enter the base,

7  was allowed to park in an active roadway in the darkness without the use of any

8  flashers or warning devices, and that such policies and procedures include the failure

9  to require such delivery vehicles to utilize warning devices.

10     33.    Third-Party Plaintiffs further allege that said collision was caused in

11  whole or in part by the failure of military personnel to provide a safe location for

12  delivery vehicles to park while awaiting entry into Fort Irwin, requiring them to

13  instead park on an active roadway.

14     34.    Third-Party Plaintiffs further allege that said collision was caused in

15  whole or in part by the decision of employees of the United States of America to

16  allow the TRACTOR-TRAILER COMBINATION to be in violation of the Vehicle

17  Code and laws of the State of California.

18              **FIRST CAUSE OF ACTION – EQUITABLE INDEMNITY**

19     35.    Third-Party Plaintiffs re-allege and incorporate herein by reference as

20  though fully set forth herein, the allegations contained in Paragraphs 1 through 34.

21     36.    Without admitting any fault, if Third-Party Plaintiffs are held liable to

22  Plaintiffs on the Complaints, any such liability will be solely of a secondary and

23  passive nature and predicated upon the primary and active liability of Third-Party

24  Defendants, and each of them herein, in that Third-Party Defendant's employees so

25  negligently and wrongfully developed and mandated entry procedures and allowed a

26  TRACTOR-TRAILER COMBINATION to be stopped in lanes without lights or

27  warning devices on Fort Irwin Road, in violation of California law, and by failing to

28  act despite having notice, which created a dangerous condition and caused the bus

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1   that Third-Party Plaintiffs AGUILAR was driving, to collide with such TRACTOR-

2   TRAILER COMBINATION.

3        37.    Therefore, Third-Party Defendant is required by law to indemnify and

4   reimburse Third-Party Plaintiffs for the amount of any judgment or settlement in

5   favor of Plaintiffs and for Third-Party Plaintiffs' damages, expenses, costs of suit,

6   legal fees, interest, and other damages incurred, as allowed by law, as a result of

7   their defense of the main action and the necessary prosecution and defense of any

8   related or consolidated actions.

9              **SECOND CAUSE OF ACTION - CONTRIBUTION**

10       38.    Third-Party Plaintiffs re-allege and incorporate herein by reference as

11   though fully set forth herein, the allegations contained in Paragraphs 1 through 37.

12       39.    Third-Party Defendants, in violation of applicable traffic law and

13   prudence, caused the TRACTOR-TRAILER COMBINATION to stop and park in

14   the darkness, without having any emergency lights on and without having any cones

15   or warning devices, in or near the number two lane of the Fort Irwin Truck By-Pass

16   adjacent to Fort Irwin Road and Paradise View Road near Painted Rocks just outside

17   the Ft. Irwin National Training Center within Fort Irwin, located in San Bernardino

18   County, California, or failed to cause the TRACTOR-TRAILER COMBINATION

19   to move despite notice and/or participation in its positioning, where it created a

20   danger for vehicles driving in the same direction; and where it caused the Bus being

21   driven by Third-Party Plaintiff AGUILAR to collide with the TRACTOR-

22   TRAILER COMBINATION, although AGUILAR and each Third-Party Plaintiff

23   were in the exercise of ordinary care.

24       40.    By reason of the above facts, and without admitting liability, if Third-

25   Party Plaintiffs are held liable to Plaintiffs on the Complaints, such liability is

26   attributable, in whole or in part, to the acts, omissions, conduct, and status of Third-

27   Party Defendant's employees and Third-Party Defendant in an amount proportionate

28   to the percentage of liability attributable to Third-Party Plaintiffs, and each of them,

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1    as determined by the trier of fact, and Third-Party Plaintiffs are therefore entitled to

2    contribution from each Third-Party Defendant.

3         41.    In addition, Third-Party Plaintiffs seek the right to have any damages or

4    moneys awarded or paid in settlement for noneconomic damages apportioned and

5    allocated by the Court and/or the trier of fact as against Third-Party Defendants.

6    **THIRD CAUSE OF ACTION - NEGLIGENCE**

7         42.    Third-Party Plaintiffs re-allege and incorporate herein by reference as

8    though fully set forth herein, the allegations contained in Paragraphs 1 through 41.

9         43.    Third-Party Defendant The United States of America, and its

10    employees, at all times had a duty to Third-Party Plaintiffs to use reasonable care in

11    their actions in regard to the public roadway utilized by Third-Party Plaintiff Veolia

12    Transportation Services, Inc. ("VEOLIA"), in operating public buses in San

13    Bernardino County, California.

14         44.    On June 2, 2014, as a direct result of the acts and/or omissions of Third-

15    Party Defendant The United States of America, and Does 1-10, and in breach of all

16    duties owed to Third-Party Plaintiffs, VEOLIA suffered significant property damage

17    to the bus operated by it on behalf of VVTA.

18         45.    VEOLIA and its agents have paid to compensate VVTA for all property

19    damage, and are thus entitled to seek damages from Third-Party Defendant The

20    United States of America.

21         46.    Federal Tort Claims Act (FTCA) requirements have been complied with

22    as identified herein.

23         47.    As a direct and proximate result of the actions or inaction of Third-Party

24    Defendant the United States of America, and Does 1-10, Third-Party Plaintiff

25    VEOLIA has been injured monetarily for the cost of the bus repairs, and it has

26    additionally incurred attorneys fees, costs, and interest for which it is entitled to be

27    reimbursed by Third-Party Defendants, and each of them.

28    / / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

48.    The amount of such damages will be stated according to proof at trial, or as the information is identified in discovery, but at present the damages are believed to be within the amount requested in the FTCA claim for property damage.

### PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiffs pray for judgment against Third-Party Defendant as follows:

FOR INDEMNITY AND CONTRIBUTION:

1.    For Third-Party Plaintiffs to be fully indemnified by Third-Party Defendants, and each of them, for all liability to Plaintiffs on the Complaint herein, and for all liability as to any cross-claims, third-party claims, consolidated actions, or related actions;

2.    For Third-Party Plaintiffs to obtain contribution from  Third-Party Defendants, and each of them, for all liability to Plaintiffs on the Complaint herein , and for all liability as to any cross-claims, third-party claims, consolidated actions, or related actions, in an amount proportionate to Third-Party Defendant's proportionate share of total liability;

3.    That the Court and/or the trier of fact determines the respective rights and obligations of Third-Party Defendants, and each of them, to Third-Party Plaintiffs, by reason of said controversy and award Third-Party Plaintiffs judgment against Third-Party Defendants, and each of them, authorizing recovery, either fully or partially, for any loss, cost, judgment, interest, attorneys fees, or other expenses suffered by Third-Party Plaintiffs, and that such may include apportionment and/or an allocation of any moneys awarded as to noneconomic damages;

4.    Damages according to proof; and,

5.    For such other and further relief as the Court deems just and proper.

FOR NEGLIGENCE:

6.    For noneconomic damages for the cost of repairing the bus which was damaged in the accident;

1    7.    For prejudgment interest from the date of the accident, June 2, 2014, to

2  the date of judgment as provided by law, for all such noneconomic damages;

3    8.    For costs of litigation;

4    9.    For attorneys fees incurred; and

5    10.    For such other relief which this Court may deem just and proper.

6    DATED this _____ day of June, 2015.

7

8                                                              David S. Kahn, Esq.

9                                                              California Bar No. 148639
                                                               Weinberg, Wheeler, Hudgins,

10                                                                Gunn & Dial, LLC
                                                               6385 S. Rainbow Boulevard, Suite 400

11                                                             Las Vegas, Nevada  89118
                                                               Telephone: (702) 938-3838

12                                                             Facsimile: (702) 938-3864

13                                                             *Attorneys for Defendants*
                                                               *Victor   Valley   Transit   Authority;   Transdev*

14                                                             *Services,  Inc.;  Veolia  Transportation  Services,*
                                                               *Inc.; and Dinorah Aguilar*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1

## CERTIFICATE OF SERVICE

2        I hereby certify that I am an employee of Weinberg, Wheeler, Hudgins, Gunn

3  & Dial, LLC, and that on the _____ day of June, 2015, the foregoing **THIRD**

4  **PARTY COMPLAINT** was served by e-service, in accordance with the Electronic

5  Filing Procedures of the United States District Court.

6  Martin D. Gross, Esq.         John S. Williamson, III, Esq.
     Law Offices of Martin D. Gross   Connie L. Benson, Esq.
7  2001 Wilshire Boulevard, Suite 205  Williamson Law Group
     Santa Monica, CA  90403      1851 East 1st Street
8                                   Suite 1225
     Telephone:  310-453-8320     Santa Ana, CA 92705
9  Facsimile:  310-861-1359

10                             Telephone:  657-229-7400
    *Attorneys for Plaintiffs*        Facsimile:  657-229-74444
11  *Margaret Keiper and Dail Keiper, Jr.*

12                             *Attorneys for Defendants*
                                   *Steven Kilty and FBN Transportation,*
13                             *LLC*

14

15                      _____
                 An employee of WEINBERG, WHEELER,
16                 HUDGINS, GUNN & DIAL, LLC

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838