UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10] AND DEFENDANTS' MOTIONS TO STRIKE AND DISMISS [20, 21]

### I.   INTRODUCTION

This case arises from a motor vehicle collision occurring on or near Fort Irwin in the State of California. Pending before the Court are three separate motions. Plaintiffs Margaret Keiper and Dail Keiper, Jr. (collectively, "Plaintiffs") have filed a Motion to Remand this case to the Superior Court of California, County of San Bernardino, where they originally filed the Complaint. (Dkt. No. 10.) Defendants Steven Kilty ("Mr. Kilty") and FBN Transportation, LLC ("FBN Transportation") (collectively, "Moving Defendants") have filed a Motion to Strike those portions of the Complaint alleging that they acted with malice, oppression, or fraud, as well as Plaintiffs' prayer for punitive damages. (Dkt. No. 20.) Moving Defendants also seek to dismiss Plaintiffs' first and third claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 21.)

After considering the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiffs' Motion to Remand at this time. Moving Defendants' Motions to Strike and Dismiss are also **DENIED**.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are the wife and son of Dail Keiper, Sr. ("Decedent Keiper"). (Compl. ¶¶ 3, 4.) Plaintiffs initiated this action in their individual capacities and as

Case 5:15-cv-00703-BRO-SP   Document 45   Filed 06/25/15   Page 2 of 14   Page ID #:701

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

successors in interest to Decedent Keiper following a fatal collision involving a tractor-trailer and transit bus on which Decedent Keiper rode as a passenger. According to the First Amended Complaint, Decedent Keiper was a fare-paying passenger on a bus owned and operated by Victor Valley Transit Authority.[1]  (Compl. ¶¶ 1, 5, 16.)

The accident giving rise to this case occurred at approximately 5:30 a.m. on June 2, 2014, as the transit bus was traveling northbound on a bypass road in or around Fort Irwin.  (Compl. ¶ 1.)  Sometime before the collision, a tractor-trailer that had been traveling in the same direction and on the same road came to a complete stop in the roadway.  (Compl. ¶¶ 1, 27.)  The transit bus rear-ended the stopped tractor-trailer, and Decedent Keiper suffered fatal injuries from the collision.  (Compl. ¶¶ 2, 29.)

Moving Defendants operated the tractor-trailer involved in the accident. According to Plaintiffs, FBN Transportation contracted with the owners of the tractor and trailer to provide drivers to operate each.[2]  (Compl. ¶ 21.)  Mr. Kilty is employed by FBN Transportation and drove the tractor-trailer on the day of the collision.  (Compl. ¶ 27.)

Plaintiffs initiated this action in March 2015 in the Superior Court of California, County of San Bernardino.  Plaintiffs bring three state law claims for relief, including one claim for negligence and two claims for negligence per se.  (Compl. ¶¶ 32–59.)  Both FBN Transportation and Mr. Kilty are named on the first claim for negligence, and Mr. Kilty is the sole defendant on Plaintiffs' third claim for negligence per se.

On April 10, 2015, Victor Valley Transit Authority, Transdev Services, Veolia Transportation Services, and Ms. Aguilar (collectively, "Removing Defendants")

---

[1] Victor Valley Transit Authority is a defendant in this case and opposes remand but has not joined the instant motions to strike or dismiss.  Transdev Services, Inc. ("Transdev Services") and Veolia Transportation Services, Inc. (Veolia Transportation Services), also named as defendants in this matter, allegedly provided Victor Valley Transit Authority with employees to drive and operate its transit busses, including the bus involved in this case.  (Compl. ¶ 17.)  Plaintiffs identify Dinorah Aguilar ("Ms. Aguilar") as the alleged driver of the bus.  (Compl. ¶ 18.)  Like Victor Valley Transit Authority, these defendants oppose remand but are not parties to the motions to strike or dismiss.

[2] Mardan Transportation, LLC is the alleged owner of the tractor, and Amston Supply, Inc. allegedly owns the trailer.  (Compl. ¶¶ 19, 20.)  These defendants are not parties to any of the motions currently pending before the Court.

Case 5:15-cv-00703-BRO-SP   Document 45   Filed 06/25/15   Page 3 of 14   Page ID #:702

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

removed the matter to this Court on the basis of federal question jurisdiction. (Dkt. No. 1.) Removing Defendants contend that the accident occurred on the Fort Irwin army base, that the base is a federal enclave, and that this case therefore presents a federal question. (Removal ¶¶ 12–15.) Plaintiffs filed the instant Motion to Remand shortly thereafter. (Dkt. No. 10.) After Plaintiffs filed the motion and on the same day Removing Defendants filed their opposition, (Dkt. No. 27), Removing Defendants also filed a Third Party Complaint against the United States of America, (Dkt. No. 26).

FBN Transportation and Mr. Kilty have not joined Removing Defendants in opposing remand. Moving Defendants have, however, filed a Motion to Strike and Motion to Dismiss. (Dkt. Nos. 20, 21.) Through these motions, Moving Defendants seek to strike the allegations concerning their liability for punitive damages from the Complaint, as well as dismiss Plaintiffs' first and third claims for relief. Plaintiffs have timely opposed both motions, (Dkt. Nos. 31, 32), and Moving Defendants have timely replied, (Dkt. Nos. 39, 40).

## III. LEGAL STANDARD

### A. Motion to Remand

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court's removal jurisdiction is entirely governed by Congress's statutory authorization. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court action. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

A district court may remand a matter for lack of subject matter jurisdiction or for a defect in the removal procedure. 28 U.S.C. § 1447(c). Where the plaintiff seeks remand, the removing defendant bears the burden of establishing the propriety of removal. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). The removal statute is strictly construed, *id.* (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)), and there is a "strong presumption against removal jurisdiction," *id.* (internal quotation marks omitted) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Where there is doubt, "a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

### B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, as they are often used by the parties as a delaying tactic. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Generally, "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citing and quoting *Wailua Assocs. v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550, 553–54 (D. Haw. 1998)). When considering a motion to strike, a district court should view the challenged pleadings "in the light more favorable to the pleader." *See Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

### C. Motion to Dismiss

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

Case 5:15-cv-00703-BRO-SP Document 45 Filed 06/25/15 Page 5 of 14 Page ID #:704

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

### A. Plaintiffs' Motion to Remand

Plaintiffs initially sought remand on the basis that Fort Irwin is not a federal enclave. (*See* Mot. to Remand at 3–5.) Removing Defendants contend the opposite and assert that federal question jurisdiction is therefore appropriate under 28 U.S.C. § 1331. (*See* Remand Opp'n at 11–17.) Although Plaintiffs continue to dispute whether Fort Irwin is a federal enclave, Plaintiffs concede that remand is not appropriate at this time in light of Removing Defendants' Third Party Complaint, which seeks equitable indemnity, contribution, and damages for negligence from the United States of America. (*See* Remand Reply at 3.) According to the Third Party Complaint, federal employees working within the confines of Fort Irwin knew the tractor-trailer had stopped on the bypass road and failed to direct Mr. Kilty to move the vehicle, engage his emergency flasher lights, set up cones, or otherwise alert other drivers to the vehicle's presence. (Third Party Compl. ("TPC") ¶¶ 30–34.)

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, waives the federal government's sovereign immunity for claims "based on the negligent or wrongful acts of United States employees." *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir.

Case 5:15-cv-00703-BRO-SP Document 45 Filed 06/25/15 Page 6 of 14 Page ID #:705

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

1995), *as amended on denial of reh'g* (Oct. 23, 1995). Federal district courts have exclusive jurisdiction over FTCA actions for personal injury or death resulting from a federal government employee's negligence. *See* 28 U.S.C. § 1346(b)(1). Under the FTCA, the United States may be liable for the acts of its employees which are taken within the scope of their employment and for which, if the United States were a private person, the government would be directly liable. *Id.* FTCA claims are governed by "the law of the place where the act or omission occurred." *Id.*; *see also Yanez*, 63 F.3d at 872.

California negligence law requires proof of a duty, breach, causation, and damages. *See Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (Cal. Ct. App. 2003). Removing Defendants allege that the United States owed them a duty of care with respect to the bypass road on which the accident occurred, and that, as a result of federal Fort Irwin employees' failure to take any action upon notice of the stopped tractor-trailer, Removing Defendants suffered significant property and other damages. (TPC ¶¶ 42–48.) The Court is not faced with the question of whether these allegations are sufficient to state a claim against the United States. The Court nevertheless finds that the claims alleged in the Third Party Complaint and the presence of the United States as a third party defendant in this matter confer jurisdiction under 28 U.S.C. § 1346(b)(1). Plaintiffs do not contend otherwise. Accordingly, Plaintiffs' Motion to Remand is **DENIED without prejudice** at this time.

### B. Moving Defendants' Motion to Strike

Moving Defendants seek to strike paragraphs 41 and 43 from the Complaint, as well as Plaintiffs' prayer for punitive damages, arguing that Plaintiffs have failed to allege sufficient facts to show malice, oppression, or fraud to support an award of punitive damages under California law. (*See* Mot. to Strike at 2–6.) Federal Rule of Civil Procedure 12(f) permits a district court to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

In *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), the Ninth Circuit concluded that a claim for lost profits and consequential damages was not

Case 5:15-cv-00703-BRO-SP Document 45 Filed 06/25/15 Page 7 of 14 Page ID #:706

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00703 BRO (SPx)** | Date | June 25, 2015 |
|---|---|---|---|
| Title | **MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL.** | | |

properly stricken from a complaint. As the court reasoned, "none of [Rule 12(f)'s] five categories cover the allegations" regarding such damages. *Id.* at 974. The *Whittlestone* panel also questioned the defendants' use of a Rule 12(f) motion and indicated that a Rule 12(b)(6) motion to dismiss or Rule 56 motion for summary judgment is the proper vehicle for disposing of damages claims that are precluded as a matter of law. *Id.* ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . , we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose.").

Post-*Whittlestone*, federal district courts in this circuit have refused to strike punitive damages allegations where the moving party asserts such damages are not recoverable as a matter of law or the plaintiff's allegations are deficient. *See, e.g.*, *McKenzie v. Wells Fargo Bank, N.A.*, 931 F. Supp. 2d 1028, 1041 (N.D. Cal. 2013); *Albizo v. Wachovia Mortg.*, CV No. 11–02991 KJN, 2012 WL 1413996, at *16–18 (E.D. Cal. Apr. 20, 2012) ("That certain requested damages are unavailable as a matter of law is not a legal basis for granting a motion to strike."); *see also Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020–21 (N.D. Cal. 2009) (decided before *Whittlestone* and similarly concluding that "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6)[,] not Rule 12(f)."). Like the defendants in *Whittlestone*, Moving Defendants here attempt to use Rule 12(f) for a purpose better suited to Rule 12(b)(6).[3] Moving Defendants do not argue that the challenged allegations or prayer for punitive damages fall within any of the five categories of materials which may be stricken under Rule 12(f). (*See generally* Mot. to Strike.) Accordingly, the Court finds that Moving Defendants' Motion to Strike is "really an attempt to have certain portions of [Plaintiffs'] complaint dismissed," *see Whittlestone*, 618 F.3d at 974, and that Rule 12(f) is not the appropriate vehicle for such an attempt. The motion is therefore **DENIED**.[4]

---

[3] Indeed, the arguments set forth in Moving Defendants' Motion to Strike are repeated essentially verbatim in their contemporaneously filed Motion to Dismiss.

[4] The Court is mindful some district courts have construed motions to strike that are inconsistent with *Whittlestone* as motions to dismiss under Rule 12(b)(6). *See, e.g.*, *McKenzie*, 931 F. Supp. 2d at 1041;

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

### C. Moving Defendants' Motions to Dismiss

Both Moving Defendants are named on Plaintiffs' first claim for negligence, and Mr. Kilty is the sole defendant on Plaintiffs' third claim for negligence per se. Moving Defendants seek to dismiss the first and third claims as alleged against them on two primary bases. First, Moving Defendants assert that Plaintiffs' negligence and negligence per se claims fail because Plaintiffs have not complied with the State of California's procedural requirements for filing an action as successors in interest. (Mot. to Dismiss at 3–5.) Moving Defendants also contend that Plaintiffs may not recover punitive damages and seek to dismiss the first and third claims to the extent they seek such damages from either FBN Transportation or Mr. Kilty.[5] (Mot. to Dismiss at 5–8; Dismissal Reply at 2–5.) The Court will address each argument in turn.

### 1. Plaintiffs' Status as Successors in Interest

California law generally provides that claims survive a person's death. *See* Cal. Civ. Proc. Code § 377.20 ("[A] cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."). Survivorship actions "may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." *Id.* § 377.30. A plaintiff who commences such an action as a successor in interest in a California state court must comply with the procedural requirements set forth in California Code of Civil Procedure section 377.32.[6]

---

*Consumer Solutions*, 658 F. Supp. 2d at 1021. Given that Moving Defendants' Motion to Dismiss also challenges Plaintiffs' punitive damages allegations, the Court need not do so here.

[5] Although Plaintiffs allege Mr. Kilty is liable for negligence, (*see* Compl. ¶¶ 32–43), Plaintiffs do not seek punitive damages from him on this claim, (*see* Compl. Prayer for Relief ¶ 4). Additionally, Plaintiffs' negligence per se claim against Mr. Kilty does not contain any punitive damages allegations. (*See* Compl. ¶¶ 52–59.) It is therefore not clear from the pleadings that Plaintiffs in fact seek punitive damages from him. The Court will nevertheless consider Moving Defendants' arguments with respect to both FBN Transportation and Mr. Kilty.

[6] Section 377.32 provides the following:
> (a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:

| Case No. | **CV 15-00703 BRO (SPx)** | Date | June 25, 2015 |
|---|---|---|---|
| Title | **MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL.** | | |

Although the statute amounts to a state rule of procedure, federal courts have dismissed claims brought by successors in interest where the plaintiff fails to allege facts or attach documents to the complaint showing compliance with the rule. *See, e.g.*, *Garcia v. Adams*, No. CV 04–05999 AWI, 2006 WL 403838, at *11–12 (E.D. Cal. Feb. 17, 2006) (dismissing survivorship claims because the plaintiffs failed to allege facts addressing the information required under section 377.32 or compliance with the statute's requirements); *Dillard v. Curtis*, No. CV 04–01449 PJH, 2004 WL 2496130, at *7 (N.D. Cal. Nov. 3, 2004) ("Although Civil Procedure Code 377.32 is a rule of California (not federal) procedure, it seems to set a minimum threshold below which a person claiming to be a 'successor in interest' should not be permitted to slip").

    Plaintiffs bring all of their claims as successors in interest. Since Moving Defendants filed the Motion to Dismiss, Plaintiffs have submitted a declaration that

---

    (1) The decedent's name.
    (2) The date and place of the decedent's death.
    (3) "No proceeding is now pending in California for administration of the decedent's estate."
    (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
    (5) Either of the following, as appropriate, with facts in support thereof:
        (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
        (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
    (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
    (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."
(b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.
(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.
Cal. Civ. Proc. Code § 377.32.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

complies with section 377.32.  (*See* Dkt. No. 31-1.)  Removing Defendants concede that Plaintiffs have now satisfied California's requirements for proceeding as successors in interest.  (*See* Dismissal Reply at 2.)  Accordingly, section 377.32 provides no basis for dismissing Plaintiffs' first or third claims.

### 2. Plaintiffs' Request for Punitive Damages

Moving Defendants also seek to dismiss Plaintiffs' first and third claims to the extent they seek an award of punitive damages.  Moving Defendants first contend that punitive damages are not recoverable in wrongful death actions.  (*See* Mot. to Dismiss at 5–6 (citing Cal. Civ. Proc. Code § 377.61 (expressly limiting damages recoverable in a wrongful death action to those not recoverable in a survivorship action)).)  This argument misses the mark.  Plaintiffs do not seek punitive damages in connection with a wrongful death claim.  Rather, Plaintiffs are proceeding as successors in interest in a survivorship action.  Punitive damages are recoverable in survivorship actions, as the relevant harm sought to be remedied is that caused to the decedent, not to the decedent's survivors.  *See Arroyo v. Plosay*, 225 Cal. App. 4th 279, 292 n.8 (Cal. Ct. App. 2014); *see also* Cal. Civ. Proc. Code § 377.34 ("In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, *including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived*" (emphasis added)).

Conceding that punitive damages are recoverable in survivorship actions, Moving Defendants next contend that Plaintiffs have failed to allege proper facts entitling them to such damages under California Code of Civil Procedure section 377.34.  (*See* Mot. to Dismiss at 5–6; *see also* Reply at 2–3.)  California law permits the recovery of punitive damages in a survivorship action only if "the decedent survived the accident, however briefly, or if the property of the decedent was damaged or lost before death."  *Grimshaw v. Ford Motor Co.*, 119 Cal. App. 3d 757, 829 (Cal. Ct. App. 1981) (discussing recovery of punitive damages in survivorship actions under California Probate Code section 573(c), which was later restated in California Code of Civil Procedure section 377.34).  Here, Plaintiffs allege that, as a result of the June 2, 2014 collision, Decedent Keiper sustained multiple blunt force traumatic injuries, including:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

"fractures of the skull, both clavicles, multiple right and left ribs, right tibia, right fibula, sternum, mandibular alveolar ridge, left side mandible and right second metacarpal[,] as well as lacerations of the right chest wall, right lung, ascending aorta, liver and tongue, avulsion of the right lung[,] as well as other undiagnosed injuries, all of which caused and contributed to his demise."

(Compl. ¶ 29.) Plaintiffs do not allege that Decedent Keiper deceased instantly or at the moment of contact. (*See generally* Compl.) Moreover, Plaintiffs seek to recover "for the injuries to *and subsequent wrongful death of* their beloved husband and father." (Comp. ¶ 2 (emphasis added).) A fair reading of the Complaint suggests Plaintiffs' belief that Decedent Keiper survived, "however briefly," before ultimately deceasing due to these serious injuries. In light of all the allegations, Plaintiffs' failure to affirmatively allege that Decedent Keiper survived for some short period of time is not fatal to a claim for punitive damages, as the allegations are sufficient to place Moving Defendants on fair notice of the claim against them and the grounds upon which Plaintiffs seek relief.

Finally, Moving Defendants generally attack the sufficiency of Plaintiffs' allegations, arguing that they are too conclusory to support a claim for punitive damages. (Mot. to Dismiss at 6–8.) California law requires clear and convincing evidence of malice, oppression, or fraud to recover punitive damages. *See* Cal. Civ. Code § 3294(a). Moving Defendants argue that California law imposes a heightened pleading standard for punitive damages allegations and cite to California state court decisions requiring that a plaintiff plead specific facts. *See, e.g.*, *Broussea v. Jarrett*, 73 Cal. App. 3d 864, 872 (Cal. Ct. App. 1977).

Although section 3294(a) governs Plaintiffs' substantive claim for punitive damages, the adequacy of the pleadings are governed by the Federal Rules of Civil Procedure. *See Bureerong*, 922 F. Supp. at 1480 (citing *Pease & Curren Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 948 (C.D. Cal. 1990), *abrogated on other grounds*, *Stanton Rd. Assocs. v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993)); *see also Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000); *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1353 (N.D. Cal. 1997) ("[The] determination of whether to apply a federal or state law to a pendent state claim in federal court depends upon classification of the state law as procedural or substantive. The court considers California Civil Code

Case 5:15-cv-00703-BRO-SP Document 45 Filed 06/25/15 Page 12 of 14 Page ID #:711

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00703 BRO (SPx)** | Date | June 25, 2015 |
|---|---|---|---|
| Title | **MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL.** | | |

section 3294 to be a substantive law, as it establishes a right to recover punitive damages, and lists the essential elements, rather than laying out a procedural requirement."). Under Rule 8(a), a pleading need only contain "a short and plain statement of the claim" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Averments of fraud, malice, and other states of mind "may be alleged generally." Fed. R. Civ. P. 9(b).

Here, Plaintiffs allegations are sufficient to satisfy the federal pleading requirements. Plaintiffs allege that Mr. Kilty "was not a careful, safe[,] and prudent driver who did not follow or obey the California Vehicle Code or the Vehicles Codes of other states and who, in the course of his operation of vehicles in the course and scope of his agency . . . had caused prior accidents and injuries to others." (Compl. ¶ 41.) Plaintiffs maintain that FBN Transportation "had constructive notice and actual knowledge" that it employed Mr. Kilty to drive the tractor-trailer involved in this case, and that "his continued permissive operation" of the vehicle "would endanger the safety and well-being of members of the general public." (Compl. ¶ 43.) A reasonable inference is that FBN Transportation knew Mr. Kilty had, as Plaintiffs allege, previously caused accidents while operating its own or another employer's vehicles. Finally, Plaintiffs aver that on the morning of the accident, Mr. Kilty came "to a full and complete stop in a travel lane" at the site of the accident. (Compl. ¶ 28.)

Taken together, the allegations could support a finding of malice. Malice may be shown by conduct either intended to cause injury or carried out "with a willful and conscious disregard of the rights or safety of others." *See* Cal. Civ. Code § 3294(c)(1). With respect to Mr. Kilty, that he allegedly stopped in a travel lane early in the morning, perhaps before sunrise, could suggest his "willful and conscious disregard" of public safety. That FBN Transportation allegedly knew Mr. Kilty had caused prior accidents and injuries while driving vehicles for work could also suggest the same. Accordingly, the Court finds Plaintiffs' allegations sufficient to satisfy the federal pleading standards.

To the extent FBN Transportation contends the allegations are insufficient to show its liability as a corporate employer, (*see* Mot. to Dismiss at 7–8), the Court finds otherwise. Corporate employers must have "advance knowledge" of an employee's unfitness to be liable for punitive damages based upon the employee's misconduct. *See* Cal. Civ. Code § 3294(b). Moreover, the employer must authorize or ratify the wrongful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

conduct. *Id.* The knowledge and authorization or ratification must be on the part of an officer, director, or managing agent. *Id.*

"Like section 3294(a), section 3294(b) is a pleading requirement." *Rees v. PNC Bank, N.A.*, No. CV 14–05232 LHK, 2015 WL 1548952, at *6 (N.D. Cal. Apr. 7, 2015) (citing cases). Federal district courts "have reached different results" regarding the sufficiency of pleadings for punitive damages under section 3294(b). *Id.* at *7. As the court noted in *Rees*, some district courts require a plaintiff to specifically plead advance knowledge and authorization or ratification by an officer, director, or managing agent, whereas other courts will assume the requisite authorization or ratification. *Id.* (citing *McMurray v. Merck & Co.*, No. CV 07–01007 MMC, 2007 WL 1456042, at *2 (N.D. Cal. May 17, 2007) (striking request for punitive damages against corporation where the plaintiff failed to plead proper authorization or ratification) and *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1066 n.13 (C.D. Cal. 2009) (noting that a court may assume an employee's conduct was authorized on a motion to strike)). Here, Plaintiffs allege that FBN Transportation knew Mr. Kilty had caused previous accidents and injuries while operating vehicles on the job. (Compl. ¶ 43.) Plaintiffs also allege that despite this knowledge, FBN Transportation "ordered, directed, required, permitted[,] and allowed" Mr. Kilty to operate the tractor-trailer on public roads and highways. (Compl. ¶ 43.) Although Plaintiffs do not specifically allege that an officer, director, or managing agent knew about the prior accidents or personally ordered, directed, required, permitted, or allowed Mr. Kilty to operate the tractor-trailer, the Court does not find the absence of such an allegation to be fatal at this stage of the proceedings. It is reasonable to assume that Mr. Kilty's involvement in prior collisions would be reported to an officer, director, or managing agent, and that only such an individual would be authorized to continue Mr. Kilty's employment. Accordingly, the Court finds Plaintiffs' allegations sufficient to state a claim for punitive damages against FBN Transportation. *See Rees*, 2015 WL 1548952, at *7 (finding the pleadings plausibly suggested the requisite authorization or ratification even in the absence of any express allegations regarding an officer, director, or managing agent's role).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED without prejudice**. Moving Defendants' Motion to Strike is also **DENIED**, as the more

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00703 BRO (SPx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | MARGARET KEIPER ET AL. V. VICTOR VALLEY TRANSIT AUTHORITY ET AL. | | |

appropriate procedural vehicle for challenging punitive damages allegations is a motion to dismiss. Moving Defendants' Motion to Dismiss Plaintiffs' first and third claims, as well as Plaintiffs' request for punitive damages, is also **DENIED**. The hearing on these matters, set for Monday, June 29, 2015, at 1:30 p.m., is hereby **VACATED**.

**IT IS SO ORDERED.**

:

Initials of Preparer     rf