Martin D. Gross [SBN 147426]
  email: Martin@lawgross.com
**LAW OFFICES OF MARTIN D. GROSS**
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403
Telephone:   (310) 453-8320
Facsimile:   (310) 861-1359

Attorneys for Plaintiffs
**MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased,<br><br>   Plaintiffs,<br><br>   v.<br><br>VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants.<br><br>AND ALL RELATED ACTIONS | Case No. 5:15−cv−00703−BRO (SPx)<br><br>**PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE OF THE COMPLAINT ON DEFENDANT MARDAN TRANSPORTATION LLC**<br><br>Judge:   Hon. Beverly Reid O'Connell<br>Date:    August 31, 2015<br>Time:    1:30 p.m.<br>Crtrm.:  14<br><br>Trial Date:   None |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that on August 28, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable

Beverly Reid O'Connell, United States District Court, Central District of California, Western Division, Plaintiffs MARGARET KEIPER and DAIL KEIPER, JR. (hereafter "Plaintiffs"), will and hereby do move the Court for an Order extending the time for service of the complaint on Defendant MARDAN TRANSPORTATION LLC (hereafter "Defendant Mardan"), for a period of 90 days, up to and including September 30, 2015.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the Declaration of Martin D. Gross, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.

DATED: August 3, 2015            Respectfully submitted,

**LAW OFFICES OF MARTIN D. GROSS**

By: */s/ Martin D. Gross*
    Martin D. Gross
    Attorney for Plaintiffs
    **MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure Rules 4(m) and 6(b)(1), Plaintiffs, by and through their counsel, hereby move this Court for a 90-day extension of time to serve process on Defendant Mardan, up to and including September 30, 2015. For purposes of this instant Motion to Extend Time, the following chronology is relevant:

- On March 4, 2015, Plaintiffs filed this action in San Bernardino Superior Court (Case No. CIVDS1502899) seeking general, special, and punitive damages against various Defendants, including Defendant Mardan, for the wrongful death of their Decedent.

- Plaintiffs' counsel has made several good faith attempts to locate and identify Defendant Mardan's Registered Agent, but, despite these efforts, Plaintiffs have yet to serve the Summons, Complaint, and other related pleadings on Defendant Mardan. Declaration of Martin D. Gross ("Gross Decl."), ¶ 4.

- On April 10, 2015, Defendants Victor Valley Transit Authority, Transdev Services, Inc., and Veolia Transportation Services, Inc. removed this action on the basis of federal enclave jurisdiction.

- Plaintiffs filed their Motion for Remand on May 7, 2015. In consideration of a stipulation between the parties, this Court continued the briefing schedule originally set by Plaintiff's Motion for Remand, and continued the hearing on the motion to 1:30 p.m. on June 29, 2015.

- On June 25, 2015, this Court denied Plaintiffs' Motion for Remand, without prejudice.

- Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs had until July 2, 2015, to serve Defendant Mardan with service of process.

## II. ARGUMENT

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. Rule Civ. Proc. 4(m). Under Rule 6(b)(1), the Court may, for good cause, grant an extension on a motion made after the time to perform an act has expired if the party failed to act because of excusable neglect.

Here, as a result of the continued briefing and hearing on Plaintiffs' Motion for Remand, the issue of whether federal subject matter jurisdiction exists in this action was not resolved until June 25, 2015, 113 days after Plaintiffs' Complaint was filed, and only 7 days before the Rule 4(m) deadline to serve process on Defendant Mardan expired on July 2, 2015. Moreover, and despite several good faith attempts by Plaintiffs' counsel to locate Defendant Mardan's Registered Agent throughout the pendency of the litigation via internet searches and unreturned calls, Plaintiffs have yet to serve process on Defendant Mardan.

With good cause and pursuant to Rule 4(m), Plaintiffs request that the Court extend the deadline to serve Defendant Mardan with the Summons, Complaint, and other related pleadings from July 2, 2015, to September 30, 2015.

///
///
///
///
///
///
///
///

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a 90-day extension of time to serve process on Defendant Mardan, up to and including September 30, 2015.

DATED: August 3, 2015　　　　　Respectfully submitted,

**LAW OFFICES OF MARTIN D. GROSS**

By: */s/ Martin D. Gross*
　　　Martin D. Gross
　　　Attorney for Plaintiffs
　　　**MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased**