Martin D. Gross [SBN 147426]
email: Martin@lawgross.com
**LAW OFFICES OF MARTIN D. GROSS**
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403
Telephone: (310) 453-8320
Facsimile: (310) 861-1359

Attorneys for Plaintiffs
**MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | Case No. 5:15−cv−00703−BRO (SPx) <br><br> **JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT** <br><br> Judge:   Hon. Beverly Reid O'Connell <br> Date:    September 14, 2015 <br> Time:    1:30 p.m. <br> Crtrm.:  14 <br><br> Trial Date:   None |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and this Court's July 7, 2015, Order Setting Scheduling Conference (the "Order"), a teleconference was held on August 24, 2015, by and between Martin D. Gross for Plaintiffs Margaret Keiper and Dail Keiper, Jr., David S. Kahn for Defendants, Victor Valley Transit Authority, Dinorah Aguilar, Transdev Services, Inc., and Veolia Transportation Services, Inc., and Zakiya Glass for Defendant Amston Supply, Inc.

During the meeting of counsel the Parties discussed the nature and basis of their respective claims and a discovery plan. The Parties have exchanged their initial disclosures, and submit this Joint Report in advance of the Scheduling Conference set for 1:30 p.m. on September 14, 2015, before the Honorable Beverly Reid O'Connell.

### A.   STATEMENT OF THE CASE

On or about June 2, 2014, Defendant Dinorah Aguilar was in the course and scope of her agency, service and employment by Defendants Victor Valley Transit Authority, Transdev Services, Inc., and Veolia Transportation Services, Inc. driving a bus northbound on Ft. Irwin Truck By-Pass Road, adjacent to Fort Irwin Road near its intersection with Paradise View Road, Ft. Irwin National Training Center, Fort Irwin, County of San Bernardino, State of California. Defendant Dinorah Aguilar while driving the bus struck and collided with a Tractor-Trailer combination parked on the Truck By-Pass Road which was adjacent to Fort Irwin Road, killing Dail Keiper, Sr., a fare-paying passenger on the bus.

### B.   SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

### C.   LEGAL ISSUES

Plaintiffs assert the key legal issues raised in this case include:

Various parties have filed in various venues; motions for remand to state

court have been filed and denied without prejudice; and, there is at least one Third Party Complaint naming the United States Army as a defendant. There are various cross-claims for indemnity and contribution.

Inasmuch as the initial traffic collision report has not been released by the investigation unit of the Department of the Army, which was initially charged with the investigation in this accident, or the California Highway Patrol, which is now charged with the investigation, there is essential and necessary information which has not been accumulated, including:

- Identity of all bus passenger/witnesses;
- Video tapes of the accident from cameras located in Defendant Victor Valley Transit Authority's bus;
- ECM ("black box") data has not been released;
- Various information concerning U.S. Army procedures for truck entry to Fort Irwin.

The United States Army reportedly initiated a criminal investigation. The status of that investigation and the identity of the person and/or persons subject to the investigation are unknown. Therefore, at this time it is undetermined whether and to what extent the criminal investigation will interfere with civil discovery issues due to potential assertions of the Fifth Amendment privilege against self-incrimination.

There are two other lawsuits presently filed: *Michael Chestnut, et al. v Victor Valley Transit Authority, et al.*, Case # 5:15-cv-00762-BRO(SPx) and *Jesus Aguilar, et al. v. Victor Valley Transit Authority, et al.*, Case # 5:15-cv-01481-BRO-SP. (with a Rule 26(f) Scheduling Conference presently scheduled in this Court on September 28, 2015). The Parties agree that a Motion to Consolidate is reasonable and anticipated.

There are claims filed against the United States Army by certain defendants. The United States Army has not yet made an appearance in the case or in other

related cases and their appearance would seem to be necessary and appropriate in order to have a meaningful Scheduling Order.

### D. PARTIES

Plaintiffs: Margaret Keiper and Dail Keiper, Jr. ("Plaintiffs"), individually and as the Successors-in-Interest to Dail Keiper, Sr., Deceased.

Defendants: Victor Valley Transit Authority ("Victor Valley"), Dinorah Aguilar ("Aguilar"), Transdev Services, Inc. ("Transdev"), Veolia Transportation Services, Inc. ("Veolia"), Steven Kilty ("Kilty"), FBN Transportation, LLC ("FBN"), Mardan Transportation LLC ("Mardan"), and Amston Supply, Inc. ("Amston").

### E. DAMAGES

Dail Keiper, Sr. was killed as a result of said accident. The full extent of damages as to Plaintiffs Margaret Keiper and Dail Keiper, Jr., is still undetermined.

### F. INSURANCE

There is insurance under the Defendants' automobile/truck policies of insurance.

### G. MOTIONS

Defendant Veolia anticipates filing an unopposed Motion to (1) consolidate the three actions, (2) stay, and (3) continue all current deadlines. Defendants Mardan and Amston anticipate filing under the so called "Graves Amendment" pursuant to 49 U.S.C. § 30106(a).

### H. MANUAL FOR COMPLEX LITIGATION

The Parties do not view this matter as complex and the Manual for Complex Litigation (current edition) should not be required or utilized to facilitate the management of this case.

### I. STATUS OF DISCOVERY

The Parties have not yet engaged in discovery. The Parties will commence discovery following the Rule 26(f) Conference. Discovery is needed on liability,

causation and the extent of Plaintiffs' damages.

### J. DISCOVERY PLAN

The Parties agree to the timing, form, and other requirements for disclosures under Rule 26(a). Discovery will be needed on the incident and investigation of the accident which occurred on June 2, 2014, as well as Decedent's injuries and damages and Plaintiffs' damages. Depositions of all incidental parties will be held prior to the discovery cut-off date provided by the Court.

Defendants believe that, in the absence of the investigative materials set forth above and the lack of joinder of all lawsuits, the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

#### 1. Discovery Phases

The Parties do not propose that discovery should be conducted in phases.

#### 2. Electronically Stored Information

The Parties do not anticipate issues relating to the disclosure or discovery of electronically stored information at this time. The Parties will work to agree on specifications regarding the production of electronically stored information, and do not propose any changes in the limitations on discovery.

#### 3. Protective Order and Privilege Logs

The Parties do not anticipate issues regarding claims of privilege or protection as trial-preparation materials. Nor do the Parties anticipate any issues concerning the preservation and/or protection of discoverable information or other potentially relevant evidence.

#### 4. Adherence to Discovery Rules

The Parties agree that the limitations on discovery imposed by both the Federal rules of Civil Procedure of the Local Rules of the Central District of California should apply and no other limitations are necessary at this time.

### K. DISCOVERY CUT-OFF

The Parties propose April 11, 2016 as the final day for completion of

discovery, including resolution of all discovery motions.

### L. EXPERT DISCOVERY

The Parties propose the following discovery schedule:

    Initial Expert Disclosure:    January 29 2016
    Rebuttal Expert Disclosure:    February 29, 2016
    Expert Discovery Cut Off:    April 29, 2016

### M. DISPOSITIVE MOTIONS

The Parties propose May 2, 2016, as the final day.

### N. SETTLEMENT / ALTERNATIVE DISPUTE RESOLUTION (ADR)

The Parties have not held settlement discussions up to this point. The Parties would be amenable to select ADR Procedure No. 3 – the use of a private mediator. The Parties request that mediation be held by May 20, 2016.

### O. TRIAL ESTIMATE:

The Parties estimate that trial will be fifteen days.

### P. TRIAL COUNSEL:

1. Martin D. Gross, as Lead Counsel for Plaintiffs;
2. David S. Kahn, as Lead Counsel for Defendants Victor Valley, Aguilar, Transdev, and Veolia;
3. John "Jack" Williamson, as Lead Counsel for Defendants Kilty and FBN;
4. Dan Kenney for Defendant Amston;

### Q. INDEPENDENT EXPERT OR MASTER:

The Parties do not request the appointment of an independent expert or master.

### R. TIMETABLE:

The Schedule of Pretrial and Trial Dates form, attached hereto as Exhibit A, is submitted for the Court's review.

**S.     OTHER ISSUES:**

The Parties have not identified any other issues requiring the Court's attention. At this time, no other orders should be entered by the Court under Fed. R. Civ. P. 26(c), except as is necessary to protect discovery materials that the parties believe, in good faith, contains information or documents that are subject to privileges or other protections under applicable laws. In addition, no orders under Fed. R. Civ. P. 16(b) and (c) are necessary at this time.

DATED: September 1, 2015          Respectfully submitted,

**LAW OFFICES OF MARTIN D. GROSS**

By: /s/ Martin D. Gross
    Martin D. Gross
    Attorney for Plaintiffs
    MARGARET KEIPER and DAIL
    KEIPER, JR., Individually and as the
    Successors-in-Interest to Dail Keiper, Sr.,
    Deceased

DATED: September 1, 2015          **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC.**

By: /s/ David S. Kahn
    David S. Kahn
    Marisa Rodriguez-Shapoval
    Attorneys for Defendants
    VICTOR VALLEY TRANSIT
    AUTHORITY, DINORAH AGUILAR,
    TRANSDEV SERVICES, INC., VEOLIA
    TRANSPORTATION SERVICES, INC.

| | | |
|---|---|---|
| DATED: September 1, 2015 | | **HARRINGTON, FOXX, DUBROW & CANTER, LLP** |
| | | By: /s/ Daniel E. Kenney<br>Edward R. Leonard<br>Daniel E. Kenney<br>Attorneys for Defendant<br>AMSTON SUPPLY, INC. |
| DATED: September 1, 2015 | | **WILLIAMSON LAW GROUP** |
| | | By: _____<br>John S. Williamson<br>Attorneys for Defendants and Cross-Claimants,<br>STEVEN KILTY and FBN TRANSPORTATION, LLC |

# EXHIBIT A

# SCHEDULE OF PRETRIAL AND TRIAL DATES

Case Name:   MARGARET KEIPER, et al., v. VICTOR VALLEY TRANSIT AUTHORITY, et al

Case No.:    5:15-cv-00703-BRO-SP

| Matter | Time | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| **Trial (Jury: X) Estimated length: 15 days** | 8:30 am | | June 28, 2016 | June 28, 2016 | |
| **[Jury trial] Hearing on Motions in Limine** | | -1 | June 20, 2016 | June 20, 2016 | |
| **[Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine** | | -1 | | | |
| **Hearing on Disputed Jury Instructions** | 1:30 pm | -2 | June 13, 2016 | June 13, 2016 | |
| **Pretrial Conference; Proposed Voir Dire Qs Lodged and Agreed−to Statement of Case** | 3:00 pm | -5 | May 23, 2016 | May 23, 2016 | |
| **Motions in Limine to be filed;** | | −6 | May 16, 2016 | May 16, 2016 | |

1

| Matter | Time | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | −7 | May 9, 2016 | May 9, 2016 | |
| **Last date to conduct Settlement Conference** | | −9 | April 25, 2016 | April 25, 2016 | |
| **Last day for hearing motions** | 1:30 pm | −10 | May 2, 2016 | May 2, 2016 | |
| **Discovery cut−off [Note: Expert disclosure no later than 70 days prior to this date.]** | | −11 | April 11, 2016<br><br>March 31, 2016 (agreed) – the expert disclosure date needs to be moved to account for the 70 days | April 11, 2016 | |
| **Last Day to** | | | March 31, | March 31, | |

2

| Matter | Time | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| **Amend Pleadings or Add Parties** | | | 2016 | 2016 | |

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2001 Wilshire Boulevard, Suite 205, Santa Monica, CA 90403.

On September 1, 2015, I served the original of the following document(s) described as **JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 1, 2015, at Santa Monica, California.


/s/ Martin D. Gross
Martin D. Gross

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

| | |
|---|---|
| David S. Kahn<br>  *dkahn@wwhgd.com*<br>**WEINBERG, WHEELER, HUDGINS,**<br>**GUNN & DIAL, LLC**<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br>Telephone: (702) 938-3838<br>Facsimile: (702) 938-3864 | *Attorneys for Defendants*<br>VICTOR VALLEY TRANSIT<br>AUTHORITY, TRANSDEV<br>SERVICES, INC., VEOLIA<br>TRANSPORTATION SERVICES,<br>INC., DINORAH AGUILAR |
| John S. Williamson<br>  *jwilliamson@williamsonlawgroup.net*<br>**WILLIAMSON LAW GROUP**<br>Xerox Centre<br>11851 East 1st St., Suite 1225<br>Santa Ana, CA 92705<br>Telephone: (657) 229-7400<br>Facsimile: (657) 229-7444 | *Attorneys for Defendants and*<br>*Cross-Claimants*,<br>STEVEN KILTY; FBN<br>TRANSPORTATION, LLC |
| Edward R. Leonard<br>  *elconard@hfdclaw.com*<br>Daniel E. Kenney<br>  *dkenney@hfdclaw.com*<br>**HARRINGTON, FOXX, DUBROW &**<br>**CANTER, LLP**<br>1055 West Seventh Street, 29th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 489-3222<br>Facsimile: (213) 623-7929 | *Attorneys for Defendant*<br>AMSTON SUPPLY, INC. |

**JOINT RULE 26(f) REPORT**