Martin D. Gross [SBN 147426]
  email: Martin@lawgross.com
**LAW OFFICES OF MARTIN D. GROSS**
2001 Wilshire Boulevard, Suite 205
Santa Monica, CA 90403
Telephone:   (310) 453-8320
Facsimile:   (310) 861-1359

Attorneys for Plaintiffs
**MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARGARET KEIPER, ET AL.<br>MICHAEL CHESTNUT, ET AL.<br>JESUS AGUILAR, ET AL.<br><br>            Plaintiffs,<br><br>     v.<br><br>VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation;, and DOES 1 through 100, inclusive,<br><br>            Defendants.<br><br>AND ALL RELATED ACTIONS | **Case No. EDCV 15-00703-BRO SPx);**<br>**EDCV 15-00762-BRO SPx);**<br>**EDCV 15-01481-BRO (SPx)**<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>Judge:   Hon. Beverly Reid O'Connell<br>Date:    (No date assigned)<br>Time:    1:30 p.m.<br>Crtrm.:  14<br><br>Trial Date:   None |

00400742-1

**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and this Court's October 16, 2015, Order Setting Scheduling Conference (the "Order"), a teleconference was held on October 27, 2015, by and between Martin D. Gross for Plaintiffs Margaret Keiper and Dail Keiper, Jr.; Kevin Elder for Jesus Aguilar, Naiomi Bridgette, Jermaine Ratliff; Douglas Welebir for Michael Chestnut, Misiona Tusieseina, Pedro Miranda; for Defendants: Marisa Rodriguez-Shapoval for Defendants Victor Valley Transit Authority, Dinorah Aguilar, Transdev Services, Inc., and Veolia Transportation Services, Inc.; Daniel E. Kenney for Defendant; Connie Benson for Defendants FBN Transportation, LLC, Steven Kilty, and Mardan Transportation, LLC; Amston Supply, Inc. and Glen F. Dorgan for Defendant United States America.

During the meeting of counsel the Parties discussed the nature and basis of their respective claims and a discovery plan. The Parties have exchanged their initial disclosures, and submit this Joint Report.

**A.   STATEMENT OF THE CASE**

On June 2, 2014 a bus traveling toward Fort Irwin collided with a parked tractor-trailer rig. The bus was owned by Defendant Victor Valley Transit Authority (VVTA).  The bus driver, Defendant Dinorah Aguilar (Dinorah A.) was an employee of Defendant Transdev Services, Inc. (Transdev) and/or Defendant Veolia Transportation Services, Inc. (Veolia) who were under contract with Defendant VVTA for the operation, maintenance, and service of the public transportation provided by VVTA.  Collectively referred to as "Bus Defendants".

The incident occurred on Fort Irwin Truck By-Pass Road which runs adjacent to Fort Irwin Road just outside of the Fort Irwin National Training Center gate, Fort Irwin, County of San Bernardino, State of California.  The "Fort Irwin Truck By-Pass Road" is a two lane northbound only road leading to Fort Irwin and just outside Fort Irwin's main gate.  Defendant Steven Kilty (Kilty) who was operating under the motor carrier authority of Defendant FBN Transportation, LLC (FBN) had brought

his tractor-trailer rig to a stop in the number two lane of the Fort Irwin Truck By-Pass Road as directed by the Department of Army or its designated representative. The tractor was owned by Defendant Mardan Transporation, LLC (Mardan) and the trailer was owned by Defendant Amston Supply, Inc. (Amston). Collectively referred to as "Tractor-Trailer Defendants".

Plaintiffs, passengers on the bus, filed Complaints for personal injury against the Bus Defendants, as well as the Tractor-Trailer Defendants. Three lawsuits were filed and consolidated through stipulation and a Court order of October 16, 2015.

The Bus Defendants filed a cross-claim for equitably indemnity and contribution against the Tractor-Trailer Defendants, as well as a third party complaint against the United States of America (Department of Army, et al.). Some of the Tractor-Trailer Defendants have filed a cross-claim against the Bus Defendants for indemnification and contribution. The Tractor-Trailer Defendants have filed a third party complaint against the United States of America (Department of Army, et al.).

### B.   SUBJECT MATTER JURISDICTION

Plaintiffs contend that this Court has subject matter jurisdiction only because the Bus Defendants have filed a third party complaint against the United States of America (USA). This Third Party Complaint is the basis for the removal of this matter to Federal Court. Plaintiffs contend that the Truck By-Pass Road was constructed pursuant to a policy created by the Department of Army for use by public transportation buses and tractor-trailer rigs visiting Fort Irwin. Plaintiffs further contend that Defendant USA has an immunity pursuant to the <u>discretionary function exception</u> of the Federal Tort Claims Act. Plaintiffs anticipate Defendant USA will file a Rule 12(b)(1) motion for dismissal arguing that under the discretionary function exception they are immune from any and all liability.[1]

---

[1] Defendant USA has not yet appeared in this matter.

Plaintiffs contend that once this motion is filed and heard, subject matter jurisdiction will be lost and this matter will be remanded to State Court.

Defendants dispute Plaintiffs' contentions above and assert that subject matter jurisdiction is proper pursuant to 28 U.S.C. Section 1331 (Federal question). Defendants also claim that jurisdiction exists under the Federal Enclave Doctrine. Defendants also wish to learn the identity and contact information of any contractors hired by the USA which may have been involved in the accident or the activities shortly before the accident, including any security contractors which may administer security at and beyond the gate to the fort.  If such contractors exist, Defendants contend that they are not covered by any applicable exception to FTCA immunity.

C. **LEGAL ISSUES**

Plaintiffs assert the key legal issues raised in this case include:

1. Subject Matter Jurisdiction once a Rule 12(b)(1) motion is filed by Defendant USA on Bus Defendants' third party complaint;

2. Motions for remand to State Court;

3. Liability as between Bus Defendants, Tractor-Trailer Defendants, and Defendant USA.  The Traffic Collision Report and investigation performed by both the Department of Army and California Highway Patrol have not yet been concluded and/or released.  Essential and necessary information is contained within these reports including:  (1) Identity of all bus passengers/witnesses; (2) videotapes of the accident from cameras located in the bus, (3) the ECM (Black box) data has not been released; and (4) various information concerning US Army procedures for truck and bus entry to Fort Irwin.

4. Defendants Mardan and Amston are likely to present motions based on the Graves Amendment, as they contend they only owned or leased the tractor-trailer rig at issue.

The United States Army and/or the California Highway Patrol have reportedly initiated a <u>criminal</u> investigation arising out of the alleged actions and/or inactions of Defendants Dinorah A. and Kilty.  The status of the purported criminal

investigation is unknown.

Plaintiffs contend that, at this time, it is undetermined whether and to what extent the criminal investigation will interfere with civil discovery issues due to potential assertions of the Fifth Amendment Privilege against self-incrimination.

Defendants dispute Plaintiffs' contention and assert that the presently unresolved criminal investigation will interfere with civil discovery issues due to the investigating agencies withholding of the essential and necessary information identified in Section C:3 above. Defendants further assert that the presently unresolved criminal investigation will interfere with civil discovery issues due to Defendants Dinorah A. and Kilty's anticipated assertion of the Fifth Amendment Privilege against self-incrimination.

### D.  PARTIES

Keiper Plaintiffs: Margaret Keiper and Dail Keiper, Jr. ("Plaintiffs"), individually and as the Successors-in-Interest to Dail Keiper, Sr., Deceased.

Chestnut Plaintiffs: Michael Chestnut, Misiona Tusieseina, Pedro Miranda

Aguilar Plaintiffs: Jesus Aguilar, age 33, Naiomi Bridgette, age 28, and her son, Jermaine Ratliff.

Bus Defendants: Victor Valley Transit Authority ("Victor Valley"), Dinorah Aguilar ("Aguilar"), Transdev Services, Inc. ("Transdev"), Veolia Transportation Services, Inc. ("Veolia").

Tractor-Trailer Defendants: Steven Kilty ("Kilty"), FBN Transportation, LLC ("FBN"), Mardan Transportation LLC ("Mardan"), and Amston Supply, Inc. ("Amston").

Third-Party Defendant: The United States of America ("USA").

### E.  DAMAGES

Dail Keiper, Sr. was killed as a result of said accident. The full extent of damages as to Plaintiffs Margaret Keiper and Dail Keiper, Jr., is still undetermined.

Plaintiff Jesus Aguilar lost his right upper extremity.  Plaintiff Naiomi

Bridgette suffered from broken bones requiring the placement of a metal rod. Plaintiff Jermaine Ratliff suffered from what appears to be soft tissue injuries, the nature and extent of which are unknown at this time.

   Plaintiffs Michael Chestnut, Misiona Tusieseina, Pedro Miranda:

Chestnut :

Facial Lacerations and abrasions and residual scarring.

Emotional distress.

Tusieseina:

   Fractures of L1 & L2 – transverse process (minimally displaced)

   Rib fracture: left 12th

   Contusion lower back

   Hematoma over coccyx (from L-4 to S-4)

   Hematoma left buttock with tear above perineum area

   Severe low and mid-back pain.

   Pain left wrist

Miranda:

   Intrapelvic protrusion of acetabulum Pelvic/Hip/Femur

   Open reduction internal fixation of left acetabular fracture

   Fracture dislocation of left Pelvis

Shattered left acetabulum (through the left acetabulum and superior left pubic ramus with associated medial migration of the femoral head; together with fractures of both the anterior and posterior columns; displacement of comminuted fracture fragments;

   impaction fracture of the left femoral head; fracture fragments in the left hip joint) with associated hematoma and retroperitoneal

   hemorrhage (pelvic hematoma with mass effect on urinary bladder);

Injury to left internal iliac artery.

Laceration of muscle, fascia, tendon of post muscle group at thigh level

Surgical removal of deep buried wire debris from left femur

Irrigations and debridement of left thigh down to fascia

Ongoing abnormalities of Pelvis and Hips; Pain in hip; reduce Range of Motion.

Bus Defendants sustained property damage and have incurred expenses, costs of suit, legal fees and other damages as a result of the alleged actions/inactions of the Tractor-Trailer Defendants and Third-Party Defendant USA.

### F. INSURANCE

There is insurance under the Defendants' automobile/truck policies of insurance.

### G. MOTIONS

Defendants Mardan and Amston anticipate filing under the so called "Graves Amendment" pursuant to 49 U.S.C. § 30106(a).

### H. MANUAL FOR COMPLEX LITIGATION

The Parties do not view this matter as complex and the Manual for Complex Litigation (current edition) should not be required or utilized to facilitate the management of this case.

### I. STATUS OF DISCOVERY

The Parties have not yet engaged in discovery. The Parties will commence discovery following the Rule 26(f) Conference. Discovery is needed on liability, causation and the extent of Plaintiffs' damages.

### J. DISCOVERY PLAN

The Parties agree to the timing, form, and other requirements for disclosures under Rule 26(a). Discovery will be needed on the incident and investigation of the accident which occurred on June 2, 2014, as well as Decedent's injuries and damages and Plaintiffs' damages. Depositions of all incidental parties will be held prior to the discovery cut-off date provided by the Court.

The Bus Defendants do not object to the dates suggested by Plaintiffs for discovery cut-off, expert disclosure and motion filing dates provided that the

materials set forth above in Section C:3 are obtained on or before December 4, 2015. In the event that the investigative materials set forth above in Section C:3 cannot be obtained by December 4, 2015, the Bus Defendants anticipate moving for a temporary stay of discovery.

The Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

### I. Discovery Phases

The Parties do not propose that discovery should be conducted in phases.

### II. Electronically Stored Information

The Parties do not anticipate issues relating to the disclosure or discovery of electronically stored information at this time. The Parties will work to agree on specifications regarding the production of electronically stored information, and do not propose any changes in the limitations on discovery.

### III. Protective Order and Privilege Logs

The Parties do not anticipate issues regarding claims of privilege or protection as trial-preparation materials. Nor do the Parties anticipate any issues concerning the preservation and/or protection of discoverable information or other potentially relevant evidence.

### IV. Adherence to Discovery Rules

The Parties agree that the limitations on discovery imposed by both the Federal rules of Civil Procedure of the Local Rules of the Central District of California should apply and no other limitations are necessary at this time.

### K. DISCOVERY CUT-OFF

Plaintiffs contend that April 11, 2016 as consistent with the *Keiper* matter should be implemented by this Court.

Subject to the exceptions noted in Section J above, the Bus Defendants agree that April 11, 2016, as consistent with the *Keiper* matter, should be the discovery

cut-off date.

The Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

## L.  EXPERT DISCOVERY

Plaintiffs contend that January 31, 2016 should be the expert disclosure date as consistent with this Court's Order in the *Keiper* matter.

Subject to the exceptions noted in Section J above, the Bus Defendants agree that January 31, 2016, as consistent with the *Keiper* matter, should be the discovery cut-off date.

The Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

## M.  DISPOSITIVE MOTIONS

It is anticipated that on Bus Defendants' third party complaint against the USA, that a Rule 12(b)(1) motion will be filed based upon Federal jurisdiction asserting the discretionary function exception as an immunity.  Plaintiffs do not anticipate filing any dispositive motions.

As indicated previously, it is anticipated that Defendants Tractor-Trailer rig will file a motion based upon the Graves Act.  Plaintiffs and Bus Defendants propose that any and all dispositive motions be filed by no later than January 31, 2016.  The Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

## N.  ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have not held settlement discussions up to this point.  The Plaintiffs would be amenable to select Troy Roe as a private mediator.  The Bus

Defendants desire to select a different private mediator and will propose a list of alternative candidates on or before December 31, 2015.

Subject to the exceptions noted in Section J above, the Bus Defendants request that the deadline for participating in ADR be set for April 25, 2016.

Tractor Trailer Defendants believe that mediation will be meaningless unless the statute of limitations has expired and/or all potential claimants have filed suit.

**O.   TRIAL ESTIMATE**

The Plaintiffs estimate the trial will last 12 days if the trials are consolidated. Individual plaintiff cases are estimated to be 5 days. The Bus Defendants anticipate the trial will last 12-15 days if the trials are consolidated.

**P.   TRIAL COUNSEL**

Martin D. Gross, as Lead Counsel for Keiper Plaintiffs;

Kevin Elder as Lead Counsel for Jesus Aguilar;

Robert Brannen as lead counsel for Plaintiffs Naiomi Bridgett and Jermaine Ratliff:

Douglas Welebir as Lead Counsel for Plaintiffs Michael Chestnut, Misiona Tusieseina, Pedro Miranda:

D. Lee Roberts, Jr. (*pro hac pending*) as Lead Counsel for Defendants Transdev, Veolia, VVTA and Dinorah Aguilar.

John "Jack" Williamson as lead counsel for Defendants Steven Kilty, FBN Transportation, LLC:

Dan Kenney for Defendant Amston;

Glen F. Dorgan for Defendant United States America.

**Q.   INDEPENDENT EXPERT OR MASTER:**

The parties do not request the appointment of any independent expert or master.

**R.   TIMETABLE**

See attached form.

**S.   OTHER ISSUES:**

The parties have not identified any other issues requiring the Court's attention at this time.

DATED: October 28, 2015          Respectfully submitted,

**LAW OFFICES OF MARTIN D. GROSS**

By: /s/ Martin D. Gross
    Martin D. Gross
    Attorney for Plaintiffs
    MARGARET KEIPER and DAIL
    KEIPER, JR., Individually and as the
    Successors-in-Interest to Dail Keiper, Sr.,
    Deceased

DATED: October 28, 2015          **PENNEY AND ASSOCIATES**

By: /s/ Kevin Elder
    Kevin Elder
    Attorney for Plaintiffs Jesus Aguilar,
    Naiomi Bridgett and Jermaine Ratliff

DATED: October 28, 2015          **WELEBIR TIERNEY & WECK**

By: /s/ Douglas Welebir
    Douglas Welebir
    Attorney for Plaintiffs Michael Chestnut,
    Misiona Tusieseina, Pedro Miranda

| | |
|---|---|
| DATED: October 28, 2015 | **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC.** |
| | By: /s/ Marisa Rodriguez-Shapoval |
| | Marisa Rodriguez-Shapoval |
| | Attorneys for Defendants |
| | VICTOR VALLEY TRANSIT AUTHORITY, DINORAH AGUILAR, TRANSDEV SERVICES, INC., VEOLIA TRANSPORTATION SERVICES, INC. |
| DATED: October 28, 2015 | **HARRINGTON, FOXX, DUBROW & CANTER, LLP** |
| | By: |
| | Edward R. Leonard |
| | Daniel E. Kenney |
| | Attorneys for Defendant |
| | AMSTON SUPPLY, INC. |
| DATED: October 28, 2015 | **WILLIAMSON LAW GROUP** |
| | By: /s/ John Williamson |
| | John S. Williamson |
| | Attorneys for Defendants and Cross-Claimants, |
| | STEVEN KILTY and FBN TRANSPORTATION, LLC |

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2001 Wilshire Boulevard, Suite 205, Santa Monica, CA 90403.

On October 28, 2015, I served the original of the following document(s) described as **JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2015, at Santa Monica, California.

M/s/ Martin D. Gross
Martin D. Gross

00400742-1

1

**PROOF OF SERVICE**

# EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES

Case Name:     MARGARET KEIPER, et al., v. VICTOR VALLEY TRANSIT AUTHORITY, et al

Case No.:     5:15-cv-00703-BRO-SP

| Matter | Time | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (Jury: X) Estimated length: 15 days | 8:30 am | | June 28, 2016 | June 28, 2016 | |
| [Jury trial] Hearing on Motions in Limine | | -1 | June 20, 2016 | June 20, 2016 | |
| [Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine | | -1 | | | |
| Hearing on Disputed Jury Instructions | 1:30 pm | -2 | June 13, 2016 | June 13, 2016 | |
| Pretrial Conference; Proposed Voir Dire Qs Lodged and Agreed−to Statement of Case | 3:00 pm | -5 | May 23, 2016 | May 23, 2016 | |
| Motions in Limine to be filed; | | −6 | May 16, 2016 | May 16, 2016 | |

1

| Matter | Time | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | | −7 | May 9, 2016 | May 9, 2016 | |
| Last date to conduct Settlement Conference | | −9 | April 25, 2016 | April 25, 2016 | |
| Last day for hearing motions | 1:30 pm | −10 | May 2, 2016 | May 2, 2016 | |
| Discovery cut−off [Note: Expert disclosure no later than 70 days prior to this date.] | | −11 | April 11, 2016 | April 11, 2016 | |
| Last Day to Amend Pleadings or Add Parties | | | | | |

2

# SERVICE LIST

| | |
|---|---|
| Marisa Rodriguez-Shapoval<br>   *mrodriguez-shapoval@wwhgd.com*<br>**WEINBERG, WHEELER, HUDGINS,**<br>**GUNN & DIAL, LLC**<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br>Telephone: (702) 938-3838<br>Facsimile: (702) 938-3864 | *Attorneys for Defendants*<br>VICTOR VALLEY TRANSIT<br>AUTHORITY, TRANSDEV<br>SERVICES, INC., VEOLIA<br>TRANSPORTATION SERVICES,<br>INC., DINORAH AGUILAR |
| John S. Williamson<br>   *jwilliamson@williamsonlawgroup.net*<br>**WILLIAMSON LAW GROUP**<br>Xerox Centre<br>11851 East 1st St., Suite 1225<br>Santa Ana, CA 92705<br>Telephone: (657) 229-7400<br>Facsimile: (657) 229-7444 | *Attorneys for Defendants and*<br>*Cross-Claimants*,<br>STEVEN KILTY; FBN<br>TRANSPORTATION, LLC |
| Edward R. Leonard<br>   *elconard@hfdclaw.com*<br>Daniel E. Kenney<br>   *dkenney@hfdclaw.com*<br>**HARRINGTON, FOXX, DUBROW &**<br>**CANTER, LLP**<br>1055 West Seventh Street, 29th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 489-3222<br>Facsimile: (213) 623-7929 | *Attorneys for Defendant*<br>AMSTON SUPPLY, INC. |