| | |
|---|---|
| 1 | John S. Williamson, Bar No. 106485 |
| | jwilliamson@williamsonlawgroup.net |
| 2 | Connie L. Benson, Bar No. 185680 |
| 3 | cbenson@williamsonlawgroup.net |
| | WILLIAMSON LAW GROUP |
| 4 | 1851 East First St., Suite 1225 |
| | Santa Ana, CA 92705 |
| 5 | (657) 229-7400/FAX: (657) 229-7444 |
| 6 | |
| 7 | Attorneys for Defendants, STEVEN KILTY; FBN TRANSPORTATION, LLC; AMSTON SUPPLY, INC.; MARDAN TRANSPORTATION, LLC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET KEIPER and DAIL KEIPER, JR., Individually and as the Successors-in-Interest to DAIL KEIPER, SR., Deceased, | CASE NO.  EDCV 15-00703-BRO(SPx) |
| | EDVC 15-00762-BRO(SPx) |
| | EDCV 15-01481-BRO(SPx) |
| Plaintiffs, | FIRST AMENDED ANSWER OF |
| vs. | DEFENDANT, AMSTON SUPPLY, |
| | INC., TO PLAINTIFFS' COMPLAINT |
| VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., a Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation; and DOES 1 to 100, inclusive, | (Answer to Complaint filed 7/6/15, Doc. No. 46) |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |
| AND ALL RELATED ACTIONS | |

1

Defendant, AMSTON SUPPLY, INC., ("AMSTON" or "Responding Party"), for itself alone, files its First Amended Answer to the Complaint, by admitting, denying, and alleging as follows:

1. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

2. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

3. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

4. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

5. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

6. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

7. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

8. Responding Party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

9. Responding party denies that Defendant Kilty resides in Wisconsin. Responding party admits Kilty was doing business in the County of San Bernardino on the date of the loss complained of by Plaintiffs.

10. Responding party admits Defendant FBN is a Wisconsin limited liability company. Responding party admits FBN was doing business in the County of San Bernardino through Defendant Kilty, while Kilty operated under its authority as a motor carrier. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

1      11.    Responding party admits Defendant Marden is a Wisconsin limited liability company. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

    12.    Responding party admits Defendant AMSTON is a Wisconsin corporation. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

    13.    Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

    14.    Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

    15.    Responding party admits that Defendant Kilty was operating under Defendant FBN's operating authority at the time of this loss. Responding parties denies the remaining allegations in this paragraph.

    16.    Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

    17.    Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

    18.    Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

    19.    Admit that Defendant Marden was the owner of the tractor involved in this loss.

    20.    Admit that Defendant AMSTON was the owner of the trailer involved in this loss.

    21.    Deny.

    22.    Responding party admits that Defendant Kilty was operating under Defendant FBN's operating authority at the time of this loss. Responding party

denies the remaining allegations in this paragraph.

23. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

24. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

25. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

26. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

27. Responding party admits that Defendant Kilty was operating under Defendant FBN's operating authority at the time of this loss. Responding party denies the remaining allegations in this paragraph.

28. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

29. Responding party admits the bus struck the tractor trailer combination. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

30. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

31. Deny.

32. Responding party incorporates by this reference its responses to Paragraph numbers 1-31 as though fully set forth herein.

33. Admit.

34. Admit.

35. Deny.

36. Deny.

37. Responding party denies that Defendants FBN, Kilty and/or AMSTON

1 | were negligent or careless. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

38. Deny.

39. Deny

40. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

41. Deny.

42. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

43. Deny.

44. Responding party incorporate by this reference their responses to Paragraph numbers 1-31 as though fully set forth herein.

45. Admit.

46. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

47. Admit.

48. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

49. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

50. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

51. Responding party is without sufficient information as to the truthfulness of this paragraph and on that basis denies the allegations therein.

52. Responding party incorporates by this reference its responses to Paragraph numbers 1-51 as though fully set forth herein.

53. Deny.

54. Deny.

55. Deny.

56. Responding party denies Kilty violated the *Vehicle Code*. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

57. Responding party denies Kilty violated the *Vehicle Code*. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

58. Responding party denies Kilty violated the *Vehicle Code*. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

59. Responding party denies Kilty violated the *Vehicle Code*. Responding party is without sufficient information as to the truthfulness of the remaining allegations in this paragraph and on that basis denies the allegations therein.

## AFFIRMATIVE DEFENSES

60. Plaintiffs' Complaint fails to set forth facts sufficient to constitute a cause of action against this Responding party.

61. Plaintiffs' Complaint fails to set forth facts sufficient to establish an award for punitive damages against this Responding party.

62. That the resulting injuries and death from this loss, if any, were proximately caused and contributed to by the negligence of Plaintiffs' decedent in that he so negligently failed to exercise due care and caution for his own safety.

63. That Plaintiffs are barred from recovery against these responding parties and that any damages proven to have been sustained by the Plaintiffs herein, would be the direct and proximate result of the independent negligence and unlawful conduct of independent third parties whether named or not named, or their agents, and not any act or omission on the part of these responding Defendants.

///

64. Under and pursuant to the terms of California *Civil Code* Section 1413.1 through 1413.5, Plaintiffs are precluded from recovery against these responding Defendants for any non-economic damages except those allocated to Responding party in direct proportion to its fault, if any such fault or damages there be.

## GRAVES AMENDMENT

65. The liability of MARDAN is limited and pre-empted under the so-called Graves Amendment as a lessor of vehicles engaged in interstate commerce. 49 U.S.C. 30106, et seq.

Wherefore Responding party prays that Plaintiffs' claims be denied in their entirety and that Responding party be awarded court costs and such other and further relief as the Court may deem appropriate.

DATED: November 10, 2015          Respectfully submitted,

WILLIAMSON LAW GROUP

By: */s/ John S. Williamson*
John S. Williamson
*jwilliamson@williamsonlawgroup.net*

Attorneys for Defendants,
STEVE KILTY; AMSTON SUPPLY, INC., FBN TRANSPORTATION, LLC; MARDAN TRANSPORTATION, LLC

## DEMAND FOR JURY

DEMAND IS HEREBY MADE by Defendant, AMSTON SUPPLY, INC., that the above-captioned action be tried by a jury.

DATED: November 10, 2015

Respectfully submitted,

WILLIAMSON LAW GROUP

By: */s/ John S. Williamson*
    John S. Williamson
    *jwilliamson@williamsonlawgroup.net*

Attorneys for Defendants,
STEVE KILTY; AMSTON SUPPLY, INC., FBN TRANSPORTATION, LLC; MARDAN TRANSPORTATION, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on 11/10/15, I electronically transmitted the following document(s) to the Clerk's Office using the CM-ECF System for filing and transmittal of Notice of Electronic filing to the following CM-ECF registrants:

**DOCUMENT(S) SERVED:**
FIRST AMENDED ANSWER OF DEFENDANT, AMSTON SUPPLY, INC., TO PLAINTIFFS' COMPLAINT (Answer to Complaint filed 7/6/15, Doc. No. 46); DEMAND FOR JURY TRIAL

**PARTIES SERVED:**
Martin D. Gross
Martin@lawgross.com
LAW OFFICES OF MARTIN D. GROSS
2001 Wilshire Blvd., Suite 205
Santa Monica, CA 90403
(310) 453-8320/FAX: (310) 861-1359
**ATTORNEYS FOR PLAINTIFFS, MARGARET KIEPER AND DAIL KIEPER, JR., INDIVIDUALLY AND AS THE SUCCESSORS-IN-INTEREST TO DAIL KEIPER, SR., DECEASED**

Douglas F. Welebir
dfw@wtw-law.com
WELEBIR TIERNEY & WECK
2068 Orange Tree Lane, Suite 215
Redlands, CA  92374
(909) 335-0444/FAX: (909) 335-0452
**ATTORNEYS FOR PLAINTIFFS, MICHAEL CHESTNUT, MISIONA TUSIESEINA, PEDRO MIRANDA**

Kevin L. Elder
kelder@penneyandassociates.com
PENNEY & ASSOCIATES
6536 Lonetree Blvd.
Rocklin, CA  95765
(916) 786-7662 / (916) 786-0144
**ATTORNEYS FOR PLAINTIFFS, JESUS AGUILAR, NAIOMI BRIDGETTE, JERMAINE RATLIFF, a minor, by and through his Guardian ad Litem, NAIOMI BRIDGETTE**

| | |
|---|---|
| 1 | Marisa Rodriguez-Shapoval |
| | mrodriguez-shapoval@wwhgd.com |
| 2 | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
| 3 | 6385 S. Rainbow Blvd., Suite 400 |
| | Los Vegas, NV  89118 |
| 4 | (702) 938-3838/FAX: (702) 938-3864 |
| 5 | **ATTORNEYS FOR DEFENDANTS, VICTOR VALLEY TRANSIT** |
| | **AUTHORITY, TRANSDEV SERVICES, INC., VEOLIA TRANSPORTATION** |
| 6 | **SERVICES, INC., DINORAH AGUILAR** |
| 7 | |
| 8 | Loretta E. Lynch |
| | Attorney General of the United States |
| 9 | Laura E. Duffy |
| 10 | United States Attorney |
| | Katherine L. Parker |
| 11 | katherine.parker@usdoj.gov |
| 12 | Glen F. Dorgan |
| | glen.dorgan@usdoj.gov |
| 13 | Valerie E. Torres |
| 14 | valerie.torres@usdoj.gov |
| | Special Attorneys to the Attorney General |
| 15 | Office of the U.S. Attorney |
| 16 | 880 Front Street, Room 6293 |
| | San Diego, Ca  92101 |
| 17 | (619) 546-7665 / (619) 546-7751 |
| 18 | Glen.dorgan@usdoj.gov |
| 19 | **ATTORNEYS FOR THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA** |
| 20 | |
| 21 | |
| 22 | /s/ Brenda Rowland |
| | BRENDA ROWLAND |