Martin D. Gross [SBN 147426]
    email: Martin@lawgross.com
**LAW OFFICES OF MARTIN D. GROSS**
2001 Wilshire Boulevard, Suite 320
Santa Monica, CA 90403
Telephone:    (310) 453-8320
Facsimile:    (310) 861-1359

Attorneys for Plaintiffs
**MARGARET KEIPER and DAIL
KEIPER, JR., Individually and as the
Successors-in-Interest to DAIL
KEIPER, SR., Deceased**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARGARET KEIPER, ET AL.<br>MICHAEL CHESTNUT, ET AL.<br>JESUS AGUILAR, ET AL.<br><br>        Plaintiffs,<br><br>        v.<br><br>VICTOR VALLEY TRANSIT AUTHORITY, a Governmental entity; DINORAH AGUILAR; TRANSDEV SERVICES, INC., A Maryland Corporation; VEOLIA TRANSPORTATION SERVICES, INC., A Corporation; STEVEN KILTY; FBN TRANSPORTATION, LLC, a Wisconsin Limited Liability Company; MARDAN TRANSPORTATION LLC, a Wisconsin Limited Liability Company; AMSTON SUPPLY, INC., a Wisconsin Corporation;, and DOES 1 through 100, inclusive,<br><br>        Defendants.<br><br>AND ALL RELATED ACTIONS | **Case No. EDCV 15-00703-BRO SPx);<br>EDCV 15-00762-BRO SPx);<br>EDCV 15-01481-BRO (SPx)<br>EDCV 15-02380-BRO (SPx)**<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>Judge:    Hon. Beverly Reid O'Connell<br>Date:     January 25, 2016<br>Time:     1:30 p.m.<br>Crtrm.:   14<br><br><br>Trial Date:    None |

1      Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and this

2  Court's October 16, 2015, Order Setting Scheduling Conference (the "Order"), a

3  teleconference was held on December 11, 2015, by and between Martin D. Gross for

4  Plaintiffs Margaret Keiper and Dail Keiper, Jr.; Kevin Elder for Jesus Aguilar,

5  Naiomi Bridgette, Jermaine Ratliff; Douglas Welebir for Michael Chestnut, Misiona

6  Tusieseina, Pedro Miranda; James R. Tedford II, for Dinorah Aguilar; for

7  Defendants: Jeremy R. Alberts for Defendants Victor Valley Transit Authority,

8  Dinorah Aguilar, Transdev Services, Inc., and Veolia Transportation Services, Inc.;

9  Daniel E. Kenney for Defendant; Connie Benson for Defendants FBN

10  Transportation, LLC, Steven Kilty, and Mardan Transportation, LLC; Amston

11  Supply, Inc. and Glen F. Dorgan for Defendant United States America.

12      During the meeting of counsel the Parties discussed the nature and basis of

13  their respective claims and a discovery plan. The Parties have exchanged their initial

14  disclosures, and submit this Joint Report.

15  **A.   STATEMENT OF THE CASE**

16      On June 2, 2014 a bus traveling toward Fort Irwin collided with a parked

17  tractor-trailer rig. The bus was owned by Defendant Victor Valley Transit Authority

18  (VVTA).   The bus driver, Defendant Dinorah Aguilar (Dinorah A.) was an

19  employee of Defendant Transdev Services, Inc. (Transdev) and/or Defendant Veolia

20  Transportation Services, Inc. (Veolia) who were under contract with Defendant

21  VVTA for the operation, maintenance, and service of the public transportation

22  provided by VVTA.  Collectively referred to as "Bus Defendants".

23      The incident occurred on Fort Irwin Truck By-Pass Road which runs adjacent

24  to Fort Irwin Road just outside of the Fort Irwin National Training Center gate, Fort

25  Irwin, County of San Bernardino, State of California.  The "Fort Irwin Truck By-

26  Pass Road" is a two lane northbound only road leading to Fort Irwin and just outside

27  Fort Irwin's main gate.  Defendant Steven Kilty (Kilty) who was operating under the

28  motor carrier authority of Defendant FBN Transportation, LLC (FBN) had brought

his tractor-trailer rig to a stop in the number two lane of the Fort Irwin Truck By-Pass Road as directed by the Department of Army or its designated representative. The tractor was owned by Defendant Mardan Transporation, LLC (Mardan) and the trailer was owned by Defendant Amston Supply, Inc. (Amston).   Collectively referred to as "Tractor-Trailer Defendants".

Plaintiffs, passengers on the bus, filed Complaints for personal injury against the Bus Defendants, as well as the Tractor-Trailer Defendants.  Three lawsuits were filed and consolidated through stipulation and a Court order of October 16, 2015.

The Bus Defendants filed a cross-claim for equitably indemnity and contribution against the Tractor-Trailer Defendants, as well as a third party complaint against the United States of America (Department of Army, et al.). Some of the Tractor-Trailer Defendants have filed a cross-claim against the Bus Defendants for indemnification and contribution. The Tractor-Trailer Defendants have filed a third party complaint against the United States of America (Department of Army, et al.).

## B.    SUBJECT MATTER JURISDICTION

Plaintiffs contend that this Court has subject matter jurisdiction only because the Bus Defendants have filed a third party complaint against the United States of America (USA).  This Third Party Complaint is the basis for the removal of this matter to Federal Court.   Plaintiffs contend that the Truck By-Pass Road was constructed pursuant to a policy created by the Department of Army for use by public transportation buses and tractor-trailer rigs visiting Fort Irwin.   Plaintiffs further contend that Defendant USA has an immunity pursuant to the <u>discretionary function exception</u> of the Federal Tort Claims Act.  Defendant USA has filed a Rule 12(b)(1) motion for dismissal arguing that under the discretionary function exception they are immune from any and all liability scheduled for January 25, 2016. Plaintiffs contend that once this motion is filed and heard, subject matter jurisdiction will be lost and this matter will be remanded to State Court.

1    Defendants dispute Plaintiffs' contentions above and assert that subject matter

2  jurisdiction is proper pursuant to 28 U.S.C. Section 1331 (Federal question).

3  Defendants also claim that jurisdiction exists under the Federal Enclave Doctrine.

4  Defendants also wish to learn the identity and contact information of any contractors

5  hired by the USA which may have been involved in the accident or the activities

6  shortly before the accident, including any security contractors which may administer

7  security at and beyond the gate to the fort.  If such contractors exist, Defendants

8  contend that they are not covered by any applicable exception to FTCA immunity.

9    **C.    LEGAL ISSUES**

10    Plaintiffs assert the key legal issues raised in this case include:

11    1.    Subject Matter Jurisdiction once the Rule 12(b)(1) motion is filed by

12  Defendant USA on Bus Defendants' third party complaint is ruled upon;

13    2.    Motions for remand to State Court;

14    3.    Liability as between Bus Defendants, Tractor-Trailer Defendants, and

15  Defendant USA.  The Traffic Collision Report and investigation performed by both

16  the Department of Army and California Highway Patrol have not yet been

17  concluded and/or released.  Essential and necessary information is contained within

18  these reports including:  (1) Identity of all bus passengers/witnesses; (2) videotapes

19  of the accident from cameras located in the bus, (3) the ECM (Black box) data has

20  not been released; and (4) various information concerning US Army procedures for

21  truck and bus entry to Fort Irwin.

22    4.    Defendants Mardan and Amston are likely to present motions based on

23  the Graves Amendment, as they contend they only owned or leased the tractor-

24  trailer rig at issue.

25    The United States Army and/or the California Highway Patrol have

26  reportedly initiated a <u>criminal</u> investigation arising out of the alleged actions and/or

27  inactions of Defendants Dinorah A. and Kilty.  The status of the purported criminal

28  investigation is unknown.

Plaintiffs contend that, at this time, it is undetermined whether and to what extent the criminal investigation will interfere with civil discovery issues due to potential assertions of the Fifth Amendment Privilege against self-incrimination.

Defendants dispute Plaintiffs' contention and assert that the presently unresolved criminal investigation will interfere with civil discovery issues due to the investigating agencies withholding of the essential and necessary information identified in Section C:3 above. Defendants further assert that the presently unresolved criminal investigation will interfere with civil discovery issues due to Defendants Dinorah A. and Kilty's anticipated assertion of the Fifth Amendment Privilege against self-incrimination.

### D.   PARTIES

Keiper Plaintiffs: Margaret Keiper and Dail Keiper, Jr. ("Plaintiffs"), individually and as the Successors-in-Interest to Dail Keiper, Sr., Deceased.

Chestnut Plaintiffs: Michael Chestnut, Misiona Tusieseina, Pedro Miranda

Aguilar Plaintiffs: Jesus Aguilar, age 33, Naiomi Bridgette, age 28, and her son, Jermaine Ratliff.

Plaintiff Dinorah Aguilar.

Bus Defendants: Victor Valley Transit Authority ("Victor Valley"), Dinorah Aguilar ("Aguilar"), Transdev Services, Inc. ("Transdev"), Veolia Transportation Services, Inc. ("Veolia").

Tractor-Trailer Defendants: Steven Kilty ("Kilty"), FBN Transportation, LLC ("FBN"), Mardan Transportation LLC ("Mardan"), and Amston Supply, Inc. ("Amston").

Third-Party Defendant: The United States of America ("USA").

### E.   DAMAGES

Dail Keiper, Sr. was killed as a result of said accident. The full extent of damages as to Plaintiffs Margaret Keiper and Dail Keiper, Jr., is still undetermined.

Plaintiff Jesus Aguilar lost his right upper extremity.   Plaintiff Naiomi

**JOINT RULE 26(f) SCHEDULING
CONFERENCE REPORT**

Bridgette suffered from broken bones requiring the placement of a metal rod. Plaintiff Jermaine Ratliff suffered from what appears to be soft tissue injuries, the nature and extent of which are unknown at this time.

Plaintiffs Michael Chestnut, Misiona Tusieseina, Pedro Miranda:

Chestnut :

Facial Lacerations and abrasions and residual scarring.

Emotional distress.

Tusieseina:

Fractures of L1 & L2 – transverse process (minimally displaced)

Rib fracture:  left 12th

Contusion lower back

Hematoma over coccyx (from L-4 to S-4)

Hematoma left buttock with tear above perineum area

Severe low and mid-back pain.

Pain left wrist

Miranda:

Intrapelvic protrusion of acetabulum Pelvic/Hip/Femur

Open reduction internal fixation of left acetabular fracture

Fracture dislocation of left Pelvis

Shattered left acetabulum (through the left acetabulum and superior left pubic ramus with associated medial migration of the femoral head; together with fractures of both the anterior and posterior columns; displacement of comminuted fracture fragments;

impaction fracture of the left femoral head; fracture fragments in the left hip joint) with associated hematoma and retroperitoneal

hemorrhage (pelvic hematoma with mass effect on urinary bladder);

Injury to left internal iliac artery.

Laceration of muscle, fascia, tendon of post muscle group at thigh level

**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**

1   Surgical removal of deep buried wire debris from left femur

2   Irrigations and debridement of left thigh down to fascia

3   Ongoing abnormalities of Pelvis and Hips; Pain in hip; reduce Range of Motion.

4        Plaintiff Dinorah Aguilar:

5        Laceration to right knee.   Pain to right knee.   Right shoulder:   Torn

6   supraspinatus tendon, torn subscapularis tendon, torn rotator cuff, torn labrum.

7        Bus Defendants sustained property damage and have incurred expenses, costs

8   of suit, legal fees and other damages as a result of the alleged actions/inactions of

9   the Tractor-Trailer Defendants and Third-Party Defendant USA.

10        **F.**    **INSURANCE**

11        There is insurance under the Defendants' automobile/truck policies of

12   insurance.

13        **G.**    **MOTIONS**

14        Defendants Mardan and Amston anticipate filing under the so called "Graves

15   Amendment" pursuant to 49 U.S.C. § 30106(a).

16        **H.**    **MANUAL FOR COMPLEX LITIGATION**

17        The Parties do not view this matter as complex and the Manual for Complex

18   Litigation (current edition) should not be required or utilized to facilitate the

19   management of this case.

20        **I.**    **STATUS OF DISCOVERY**

21        The Bus Defendants have served written discovery on the Trucking

22   Defendants and Plaintiffs. The Trucking Defendants have served written discovery

23   on the Bus Defendants. The Parties will continue discovery following the Rule 26(f)

24   Conference. Discovery is needed on liability, causation and the extent of Plaintiffs'

25   damages.

26        **J.**    **DISCOVERY PLAN**

27        The Parties agree to the timing, form, and other requirements for disclosures

28   under Rule 26(a). Discovery will be needed on the incident and investigation of the

accident which occurred on June 2, 2014, as well as Decedent's injuries and damages and Plaintiffs' damages. Depositions of all incidental parties will be held prior to the discovery cut-off date provided by the Court.

The Bus Defendants and the Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

The United States also contends that it is premature to set discovery cut-off, expert disclosure and motion filing dates, because the issue of subject matter jurisdiction has not yet been resolved.  The United States may move for a formal stay of discovery until the subject matter jurisdiction issues are resolved.

### I.  Discovery Phases

The Parties do not propose that discovery should be conducted in phases.

### II.  Electronically Stored Information

The Parties do not anticipate issues relating to the disclosure or discovery of electronically stored information at this time. The Parties will work to agree on specifications regarding the production of electronically stored information, and do not propose any changes in the limitations on discovery.

### III.  Protective Order and Privilege Logs

The Bus Defendants anticipate seeking a protective order relating to certain confidential and proprietary information, including but not limited to, the Bus Defendants drivers training manuals.

The United States intends to file a motion seeking a protective order to facilitate the disclosure of investigative materials.

### IV.  Adherence to Discovery Rules

The Parties agree that the limitations on discovery imposed by both the Federal rules of Civil Procedure of the Local Rules of the Central District of California should apply and no other limitations are necessary at this time.

## K.   DISCOVERY CUT-OFF

Plaintiffs contend that a July 25, 2016 date should be implemented by this Court.

The Bus Defendants and the Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

The United States believes that, pending resolution of subject matter jurisdiction issues, discovery should be stayed and dates for discovery cut-off, expert disclosures and motion filing dates is premature.

## L.   EXPERT DISCOVERY

Plaintiffs contend that September 26, 2016 should be the expert disclosure date.

The Bus Defendants and the Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off, expert disclosure and motion filing dates is premature.

The United States believes that, pending resolution of subject matter jurisdiction issues, discovery should be stayed and dates for discovery cut-off, expert disclosures and motion filing dates is premature.

## M.   DISPOSITIVE MOTIONS

The United States has filed its Motion to Dismiss the Bus Defendants' and Truck Defendants' third party complaints.

Plaintiffs anticipate renewing their motion to remand if Defendant USA's motion to dismiss is granted.

As indicated previously, it is anticipated that Defendants Tractor-Trailer rig will file a motion based upon the Graves Act.  Plaintiffs propose that any and all dispositive motions be filed by no later than July 1, 2016.  The Bus Defendants and the Tractor-Trailer Defendants believe that, in the absence of the investigative materials set forth above in Section C:3 the suggested dates for discovery cut-off,

expert disclosure and motion filing dates is premature. The United States believes that, pending resolution of subject matter jurisdiction issues, it is premature to set motion filing deadlines.

**N.    ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties have not held settlement discussions up to this point.  The Plaintiffs would be amenable to select Troy Roe as a private mediator.  The Bus Defendants desire to select a different private mediator and propose either Lynn Frank or Judge Michael Hogan.

The Tractor Trailer Defendants believe that mediation will be meaningless unless the statute of limitations has expired and/or all potential claimants have filed suit.

**O.    TRIAL ESTIMATE**

The Plaintiffs estimate the trial will last 12 days if the trials are consolidated. Individual plaintiff cases are estimated to be 5 days.  The Bus Defendants anticipate the trial will last 12-15 days if the trials are consolidated.

The United States contends that, subject to the motion to dismiss, all FTCA claims asserted against it must be resolved by court trial, not jury trial.  If the trials are consolidated, the United States anticipates that the court trial of the claims against the United States may require an additional 2-3 court days

**P.    TRIAL COUNSEL**

Martin D. Gross, as Lead Counsel for Keiper Plaintiffs;

Kevin Elder as Lead Counsel for Jesus Aguilar;

Robert Brannen as lead counsel for Plaintiffs Naiomi Bridgett and Jermaine Ratliff:

Douglas Welebir as Lead Counsel for Plaintiffs Michael Chestnut, Misiona Tusieseina, Pedro Miranda:

James R. Tedford II, as Lead Counsel for Plaintiff Dinorah Aguilar:

Jeremy R. Alberts as Lead Counsel for Defendants Transdev, Veolia, VVTA

1  and Dinorah Aguilar.

2       John "Jack" Williamson as lead counsel for Defendants Steven Kilty, FBN

3  Transportation, LLC, Amston:

4       Katherine L. Parker, Valerie E. Torres, and Glen F. Dorgan for Defendant

5  United States America.

6  **Q.    INDEPENDENT EXPERT OR MASTER:**

7       The parties anticipate retaining an independent expert for the limited purpose

8  of downloading the Electronic Control Module data from the subject bus.

9  **R.    TIMETABLE**

10      See attached form.

11 **S.    OTHER ISSUES:**

12      The parties have not identified any other issues requiring the Court's attention

13 at this time.

14

15 DATED: January 8, 2016          Respectfully submitted,

16                                  **LAW OFFICES OF MARTIN D. GROSS**

17

18                                  By: /s/ Martin D. Gross

19                                       Martin D. Gross
                                         Attorney for Plaintiffs
20                                       MARGARET KEIPER and DAIL
21                                       KEIPER, JR., Individually and as the
                                         Successors-in-Interest to Dail Keiper, Sr.,
22                                       Deceased

23

24

25

26

27

28

                                    10        **JOINT RULE 26(f) SCHEDULING**
                                              **CONFERENCE REPORT**

1   DATED: January 8, 2016     **PENNEY AND ASSOCIATES**

2

3                            By:  /s/ Kevin Elder

4                                Kevin Elder
                                Attorney for Plaintiffs Jesus Aguilar,

5                                Naiomi Bridgett and Jermaine Ratliff

6

7   DATED: January 8, 2016     **WELEBIR TIERNEY & WECK**

8

9                            By:  /s/ Douglas Welebir

10                               Douglas Welebir
                               Attorney for Plaintiffs Michael Chestnut,

11                             Misiona Tusieseina, Pedro Miranda

12

13  DATED: January 8, 2016     **TEDFORD & ASSOCIATES**

14

15                         By:  /s/ James R. Tedford, II

16                             James R. Tedford, II
                             Attorney for Plaintiff Dinorah Aguilar

17

18  DATED: January 8, 2016     **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC.**

19

20                        By:  /s/ Jeremy R. Alberts

21                           Jeremy R. Alberts

22                         Attorneys for Defendants
                       VICTOR VALLEY TRANSIT

23                       AUTHORITY, DINORAH AGUILAR,
                     TRANSDEV SERVICES, INC., VEOLIA

24                     TRANSPORTATION SERVICES, INC.

25

26

27

28

                       11      **JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**

DATED: January 8, 2016                **WILLIAMSON LAW GROUP**


                                      By:  /s/ John Williamson
                                           John S. Williamson
                                           Attorneys for Defendants and Cross-
                                           Claimants,
                                           STEVEN KILTY and FBN
                                           TRANSPORTATION, LLC,
                                           AMSTON SUPPLY


                          **FILER'S ATTESTATION**

        Pursuant to L.R. 5-4.3.4(2)(i), I attest that the other signatories listed above provided their authority and concurrence to file the document and place their signature on the document set forth above.

                                      By:  /s/ Martin D. Gross
                                           Martin D. Gross

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: January 8, 2016       Respectfully submitted,

**LAW OFFICES OF MARTIN D. GROSS**

By:  */s/ Martin D. Gross*
_____
     Martin D. Gross
     Attorney for Plaintiffs
     MARGARET KEIPER and DAIL
     KEIPER, JR., Individually and as the
     Successors-in-Interest to Dail Keiper, Sr.,
     Deceased

## EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES

Case Name:      MARGARET KEIPER, et al., v. VICTOR VALLEY TRANSIT
                AUTHORITY, et al

Case No.:       5:15-cv-00703-BRO-SP

| Matter | Time | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| **Trial (Jury: X) Estimated length: 15 days** | 8:30 am | | October 3, 2016 | | |
| **[Jury trial] Hearing on Motions in Limine** | | -1 | September 26, 2016 | | |
| **[Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine** | | -1 | | | |
| **Hearing on Disputed Jury Instructions** | 1:30 pm | -2 | September 19, 2016 | | |
| **Pretrial Conference; Proposed Voir Dire Qs Lodged and Agreed−to Statement of Case** | 3:00 pm | -5 | September 6, 2016 | | |
| **Motions in Limine to be filed;** | | −6 | August 29, 2016 | | |

1

| Matter | Time | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | −7 | August 22, 2016 | | |
| **Last date to conduct Settlement Conference** | | −9 | August 8, 2016 | | |
| **Last day for hearing motions** | 1:30 pm | −10 | August 1, 2016 | | |
| **Discovery cut−off [Note: Expert disclosure no later than 70 days prior to this date.]** | | −11 | July 25, 2016<br><br>September 26, 2016 | | |
| **Last Day to Amend Pleadings or Add Parties** | | | | | |