UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-703 JGB (SPx) | Date | July 23, 2021 |
| Title | *Margaret Keiper, et al. v. Victor Valley Transit Authority, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**  Order (1) DENYING the United States' Motion for Reconsideration (Dkt. No. 414); and (2) VACATING the July 26, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion for Reconsideration filed by Defendant United States of America. ("Motion," Dkt. No. 414.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for July 26, 2021.

## I. BACKGROUND

The Court's previous Orders contain a more detailed description of this case. (See, e.g., Dkt. No. 413.) Briefly, on June 2, 2014, a bus hit a tractor-trailer on Fort Irwin Bypass Road. (Id.) Plaintiffs are the bus passengers and their survivors; Defendants include "Bus Defendants," "Trucking Defendants," and the United States. (Id.)

On March 29, 2021, both Bus Defendants and the United States moved for summary judgment. (Dkt. Nos. 383, 384.) The Court issued an Order denying Bus Defendants' motion and granting-in-part and denying-in-part the United States' motion on June 4, 2021. ("June Order," Dkt. No. 413.)

On June 18, 2021, the United States filed the Motion. On July 2, 2021, Bus Defendants, Plaintiffs, and Trucking Defendants all filed separate oppositions. ("Bus Opposition," Dkt. No.

415; "Opposition," Dkt. No. 416; "Trucking Opposition, Dkt. No. 417.) The United States replied on July 12, 2021. ("Reply," Dkt. No. 418.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this district, motions for reconsideration are also governed by Central District Local Rule 7–18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L. R. 7-18. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." Roe v. LexisNexis Risk Sols. Inc., 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013).

//

### III. DISCUSSION[1]

The United States moves for reconsideration of one paragraph in the June Order—the paragraph responsive to its argument that summary judgment is proper on causation grounds. (Motion.) It argues: "It appears the Court misunderstood the causation arguments, and, as a result of this misunderstanding, the Court did not consider the merits and material facts presented by the United States concerning whether the Opposing Parties met their burden of proof of demonstrating a causal nexus between certain signage on the Bypass Road and the accident at issue." (Id. 5.) To remedy this misapprehension, the United States requests an order modifying the June Order and granting summary judgment to the United States with respect to the following claims:

> (1) Plaintiffs' contention that the directional sign located at the beginning of the Bypass Road "should have complied with the MUTCD green color" and "should have also included a message that said BUS TRAFFIC" . . .
> (2) Plaintiffs' contention that "the speed limit needed to be reduced to 25 mph via signs (or below 25 mph depending upon the operation) as one approached the checkpoint during the 0600-0800 hours." . . . [and]
> (3) Plaintiffs' and Bus Defendants' contention that the signs stating "AUTHORIZED VEHICLE MERGE AHEAD," "BEGIN TO MERGE TO RIGHT LANE," "LEFT LANE FOR AUTHORIZED VEHICLES," "BE PREPARED TO STOP," "DESIGNATED VEHICLES ONLY," and "KEEP LEFT LANE OPEN" are "unclear and confusing for any reasonable motor vehicle operator."

(Dkt. No. 414-2).

The United States is correct that the June Order does not assess the above-referenced signage claims with specificity. And the United States did move for summary judgment on these claims in its original motion—albeit after thirty-four pages of argument on other grounds. (See Dkt. No. 384-1 p. 35.) The argument snubbed by the Court is that there is no genuine dispute of material fact as to the causal link between alleged deficiencies in signage and the accident—in other words, the United States argued in its motion that Plaintiffs cannot prove that if the traffic signs on Fort Irwin Road were better, the accident would not have occurred. (Id.)

Accordingly, the Court's task is now to determine whether its own gloss over the United States' signage causation arguments constituted "a manifest showing of a failure to consider material facts" sufficient to warrant reconsideration under Local Rule 7-18; and if so, whether such failure is harmless error, as a motion to reconsider should not be granted where an error is found to be harmless. See Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.")

---

[1] The Court will consider the Motion despite the United States' failure to comply with Rule 7-3.

As a preliminary matter, a failure to give legal arguments their due space and consideration is not the same as a failure to consider facts. And the Court did consider facts relevant to Plaintiffs' signage claims in the June Order—when it assessed the United States' motion to strike. (See June Order 11.) Plaintiffs, Bus Defendants, and Trucking Defendants all rely on testimony from designated expert David Royer, who opined that had Fort Irwin "followed the pre-engineered Standards and Guidance of the [Manual on Uniform Traffic Control Devices, or] MUTCD, the subject collision should not have occurred; nor, would the high potential for a rear end collision during truck inspection times be present." (Id., citing "Royer Rule 26 Report," Dkt. No. 384-4 Exh. 20.) The Court also assessed the testimony of Fort Irwin's engineer, Sabah Issa, who testified that the signage and checkpoint on the bypass road at the time of the accident violated several mandatory requirements of the MUTCD and was "confusing." (June Order 11.) Such facts are material to the United States' causation and signage claim and were considered in the June Order.

Additionally, because the Court denied the United States' motion to strike, the expert testimony of both David Royer and Sabah Issah will be available to interested parties at trial. Thus, even if the Court were to grant the present Motion, reconsideration would not produce a different result. The record contains expert testimony stating that different signage could have prevented the subject collision. Though this testimony is far from undisputed, it raises a genuine dispute of material fact, rendering summary judgment inappropriate.

Construing the United States' causation arguments as concerning the actions of Mr. Hijoe instead of the effect of signage was not the type of error which may be remedied by Local Rule 7-18 because it did not involve failure to consider facts. Moreover, there exists a material dispute regarding whether different signage could have prevented the accident.

## IV.   CONCLUSION

For the reasons above, the Court DENIES the United States' Motion. The July 26, 2021 hearing is VACATED.

**IT IS SO ORDERED.**